COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Alexandria, Virginia


ANTHONY FRANKLIN MOODY

                                              OPINION BY
v.   Record No. 1519-97-4        JUDGE ROSEMARIE ANNUNZIATA
                                            DECEMBER 22, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
                     William Shore Robertson, Judge

              Elwood Earl Sanders, Jr., Director
              Capital/Appellate Services (Laura A. Cook,
              Assistant Public Defender; Public Defender
              Commission, on briefs), for appellant.

              Jeffrey S. Shapiro, Assistant Attorney
              General (Mark L. Earley, Attorney General, on
              brief), for appellee.


     In this appeal, Anthony Franklin Moody (appellant)

challenges his conviction for attempted malicious wounding,

arguing that the evidence was insufficient to find beyond a

reasonable doubt that he acted with the intent to maim,

disfigure, disable, or kill as required by Code § 18.2-51.

Appellant contends the Commonwealth's evidence presents two

reasonable hypotheses, one consistent with his innocence and the

other with his guilt, and that the evidence fails to discount the

hypothesis of innocence.  Corbett v. Commonwealth, 210 Va. 304,

307, 171 S.E.2d 251, 253 (1969); Haywood v. Commonwealth, 20 Va.

App. 562, 567, 458 S.E.2d 606, 608 (1995).  We disagree and

affirm.

     Whether a criminal conviction is supported by sufficient

evidence is not a question of fact, but one of law. Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). On appeal, we view the evidence in the light most favorable to the Commonwealth, the party prevailing below, and grant to it all reasonable inferences fairly deducible from the evidence therefrom. Clifton v. Commonwealth, 22 Va. App. 178, 180, 468 S.E.2d 155, 156 (1996). We will not reverse the trial court's judgment unless it is plainly wrong or without evidence to support it. Code § 8.01-680. The relevant facts, stated in the light most favorable to the Commonwealth, follow.

On May 9, 1996, David van de Graaff, a teacher at Rappahannock County High School, heard the sound of breaking glass from a nearby parking lot on the school's property. Responding to this noise, van de Graaff arrived in the parking lot moments later and witnessed appellant driving an Isuzu Trooper toward the lot's only exit, which lay down a narrow lane with cars parked on both sides.

While appellant's vehicle was still approximately thirty to fifty feet away, van de Graaff stepped into its exit path and motioned for appellant to stop. Rather than slowing or stopping, appellant accelerated towards van de Graaff, motioning for him to move out of the way. After ordering the appellant to stop for a second time, van de Graaff was forced to jump out of the car's path as it accelerated out of the parking lot and fish-tailed around a turn on the gravel surface. At the moment van de Graaff

jumped out of its way, appellant's vehicle was within ten to fifteen feet of striking van de Graaff and was travelling at approximately fifteen to twenty-five miles-per-hour in a five mile-per-hour zone. No evidence was presented that appellant decelerated or swerved to miss van de Graaff as he dove out of the vehicle's path. Appellant continued to drive his vehicle until apprehended by police later that day.

On May 10, 1996, when questioned by Deputy Richard MacWelch regarding these events, appellant confessed to breaking into several vehicles, including a car in the parking lot of the high school. In response to a question regarding whether he had seen anyone in the school parking lot attempting to stop his vehicle, appellant replied, "Yes, I did. I waved him out of the way because I was going out of there."

Code § 18.2-51 states that "[i]f any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall . . . be guilty of a Class 3 felony." An attempt to commit this crime consists of (1) the specific intent to maim, disfigure, disable or kill, and (2) an ineffectual act done towards the crime's completion. Merritt v. Commonwealth, 164 Va. 653, 657, 180 S.E. 395, 397 (1935); Bell v. Commonwealth, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991).

The requisite specific intent "may, like any other fact, be shown by circumstances. Intent is a state of mind which can be

evidenced only by the words or conduct of the person who is claimed to have entertained it."  Banovitch v. Commonwealth, 196 Va. 210, 216, 83 S.E.2d 369, 373 (1954), quoted in Bell, 11 Va. App. at 533, 399 S.E.2d at 452.  When facts are equally susceptible to more than one interpretation, one which is consistent with the innocence of the accused, the trier of fact cannot arbitrarily adopt an inculpatory interpretation.  Corbett, 210 Va. at 307, 171 S.E.2d at 253.  The fact finder, however, is entitled to draw inferences from proved facts, so long as the inferences are reasonable and justified.  Webb v. Commonwealth, 204 Va. 24, 34, 129 S.E.2d 22, 29 (1963); Bell, 11 Va. App. at 533, 399 S.E.2d at 452.  Furthermore, the fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts.  Sandstrom v. Montana, 442 U.S. 510, 522-23 (1979); Stokes v. Warden, 226 Va. 111, 117, 306 S.E.2d 882, 885 (1983).  Thus, when the fact finder draws such inferences reasonably, not arbitrarily, they will be upheld.

In the present case, the evidence shows that appellant, who saw van de Graaff blocking the only avenue of his escape, deliberately chose to accelerate his car toward the pedestrian, never decelerating, braking, or swerving to avoid him, even when van de Graaff was only five to ten feet away from being struck. Van de Graaff was spared certain injury only by jumping out of the vehicle's path at the last moment.  Although appellant warned van de Graaff to move out of his way with a wave, this act does

not negate the trial court's reasonable inference that appellant had formed the specific intent to run over van de Graaff should the pedestrian not move out of his way. Thus, the evidence was sufficient for the trial court to reasonably infer that appellant had the requisite specific intent to sustain a conviction of attempted malicious wounding.

In support of his argument that the evidence of intent was insufficient to find the necessary intent, appellant inoppositely relies on Haywood, 20 Va. App. 562, 458 S.E.2d 606. In that case, Haywood, who had been drinking heavily, fled the scene of a public altercation in his truck. On two separate occasions, a police officer positioned his vehicle in the road so as to block Haywood's path. On each of these occasions, however, Haywood failed to slow down or change his course and, but for the officers' last-minute evasive actions, would have struck the police vehicles. Id. at 564-65, 458 S.E.2d at 607.

On Haywood's appeal from two convictions of attempted capital murder of a police officer, we addressed the question of "whether Haywood, while driving his truck, formed the specific intent to use his vehicle as a weapon for the unequivocal purpose of murdering the police officers." Id. at 566, 458 S.E.2d at 608. We reversed the convictions because the Commonwealth presented no direct evidence that Haywood, by running the road blocks, intended to kill the police officers and because the circumstantial evidence did not exclude the reasonable hypothesis

of innocence that Haywood only intended to avoid police apprehension by driving through their vehicular roadblocks.  <u>Id.</u> at 567–68, 458 S.E.2d at 609.

The instant case, however, can be distinguished from <u>Haywood</u>.  Although we recognize that appellant plainly sought to flee the parking lot, the evidence sufficiently proves his further intent to run down van de Graaff in the process of doing so.  Unlike <u>Haywood</u>, appellant was not attempting to run through an inanimate object; rather, the obstacle in his path consisted exclusively of a pedestrian.  Thus, it is not unreasonable to infer that the direct consequences of appellant's actions would have been the injury or death of van de Graaff had he not jumped clear of the oncoming vehicle.

Based on the foregoing, we find that the Commonwealth presented sufficient evidence to sustain appellant's conviction.  The judgment of the trial court is affirmed.

<u>Affirmed.</u>