COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Senior Judge Hodges
Argued at Richmond, Virginia


JERRY LEE WILLSON

MEMORANDUM OPINION* BY

v.    Record No. 2004-98-2        JUDGE LARRY G. ELDER
                                  SEPTEMBER 21, 1999

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Robert W. Duling, Judge

Gregory W. Franklin, Assistant Public
Defender (David J. Johnson, Public Defender,
on brief), for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Jerry Lee Willson (appellant) was convicted in a bench trial of attempted murder pursuant to Code §§ 18.2-26 and 18.2-32.  On appeal, he contends the evidence is insufficient to prove he acted with the specific intent to commit murder when he drove his vehicle toward a bank employee standing in the bank's automatic teller machine lane.  We agree and reverse his conviction.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it.  See id.  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

To sustain a conviction for attempted murder, the evidence must establish both a specific intent to kill the victim and an overt but ineffectual act committed in furtherance of this criminal purpose.  See Hargrave v. Commonwealth, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974).  In determining whether the evidence is sufficient to prove the requisite intent, "the question . . . is not whether [the defendant's] acts might have resulted in the murder of the [person].  Rather, the question is whether [the defendant], while driving his [vehicle], formed the specific intent to use his vehicle as a weapon for the unequivocal purpose of murdering the [person]."  Haywood v. Commonwealth, 20 Va. App. 562, 566, 458 S.E.2d 606, 608 (1995).

Intent, like any element of a crime, may be proved by circumstantial evidence, see Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), such as a person's conduct and statements, see Long, 8 Va. App. at 198, 379 S.E.2d at 476.

-

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). "When facts are equally susceptible to more than one interpretation, one which is consistent with the innocence of the accused, the trier of fact cannot arbitrarily adopt an inculpatory interpretation." Moody v. Commonwealth, 28 Va. App. 702, 706, 508 S.E.2d 354, 356 (1998).

We conclude that the evidence here was insufficient to prove that appellant acted with the specific intent to kill Teresa Musinski when he drove his vehicle through the bank's automatic teller machine (ATM) lane. Although the trial court was free to conclude that appellant was lying to conceal his guilt and to reject appellant's testimony on that basis, see, e.g., Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc), the remaining evidence was insufficient to exclude multiple reasonable hypotheses of innocence. Appellant's conviction rested on the theory that appellant knew Musinski was a bank employee and was so enraged by his dealings with the bank that day that he tried to kill her. However, the

-

evidence left open the reasonable hypothesis that appellant never saw Musinski in the bank and did not know she was a bank employee. See Robinson v. Commonwealth, 228 Va. 554, 558, 322 S.E.2d 841, 843 (1984) ("'[A] man cannot be influenced or moved to act by a fact or circumstance of which he is ignorant.'" (quoting Mullins v. Commonwealth, 113 Va. 787, 789-90, 75 S.E. 193, 195 (1912)). Although appellant said to someone inside the bank, "What the fuck are you looking at," the evidence established that Musinski did not participate in appellant's transaction with Jennifer Brooks and Gayle Davis and that, although Musinski was near Brooks at the teller window, Musinski was looking down until appellant made this remark. Neither Musinski nor Davis was certain to whom the remark was directed, and Brooks believed the remark was directed toward her. Although appellant may have seen Musinski inside the bank, the evidence was equally susceptible to the interpretation that he did not.

Regarding Musinski's departure from the bank, the evidence established that appellant looked in her direction as she walked in front of the drive-through lanes, but no evidence established that he actually saw her or, even if he did, that he knew she was a bank employee. At that precise instant, appellant was engaged in a heated discussion with Brooks about whether she had given him the correct sum of money. Again, therefore, the evidence is equally susceptible to the interpretation that

-

appellant did not see her and did not know she was a bank employee and, therefore, had no motive for attempting to kill her.

Finally, even assuming appellant knew Musinski worked at the bank, no evidence established that appellant knew Musinski was in his path in the ATM lane.  See 1 Charles E. Friend, The Law of Evidence in Virginia § 12-6 (4th ed. 1993) (noting that whether an accused has knowledge of particular facts when he engages in certain conduct may be relevant in determining intent, even where knowledge is not element of offense).  It was undisputed that appellant was angry and that there were no cars in the ATM lane.  A reasonable hypothesis of innocence flowing from the evidence is that appellant saw no cars at the ATM and, although looking straight ahead, was still angry from his transaction and merely acted recklessly in failing to watch for pedestrians that might also be using the machine as he departed the premises.  The undisputed evidence established that Musinski removed herself from appellant's path, retreating to a position of safety on the curb on the ATM's east side, when appellant was still eighteen feet away from the machine's west side.  Under these circumstances, the facts were no more susceptible to the conclusion that appellant specifically intended to kill Musinski than they were to the interpretation that he acted recklessly in failing to keep a proper lookout or that he saw her but intended merely to scare her, reasonably believing that she would move

-

out of his path to safety before he reached her, which, in fact, she did.

Under these circumstances, we conclude the evidence was insufficient to support appellant's conviction.

The Commonwealth contends that the outcome of this case is controlled by our recent decision in Moody v. Commonwealth, 28 Va. App. 702, 508 S.E.2d 354 (1998), in which we upheld the conviction of an automobile driver for attempted malicious wounding. In Moody, the defendant broke into a vehicle in a parking lot and was attempting to flee the scene of the break-in in his vehicle when a pedestrian tried to block his only escape route. See id. at 705-06, 508 S.E.2d at 356. The defendant admitted seeing the pedestrian trying to stop him, saying "I waved him out of the way because I was going out of there." Id. at 706, 508 S.E.2d at 356. We held that "[a]lthough [the defendant] warned [the pedestrian] to move out of his way with a wave, [that] act does not negate the trial court's reasonable inference that appellant had formed the specific intent to run over [the pedestrian] should the pedestrian not move out of his way." Id. at 707, 508 S.E.2d at 356. In appellant's case, by contrast, no evidence established that appellant ever saw Musinski standing in his path before she jumped out of the way. Alternatively, even if appellant did see Musinski, unlike Moody, he was not fleeing the scene of a crime and made no statement indicating his intent to proceed through the ATM lane regardless

-

of whether Musinski moved.  Therefore, our holding in <u>Moody</u> is not controlling.

Because the evidence did not exclude all reasonable hypotheses of innocence, we reverse appellant's conviction.

<u>Reversed and dismissed.</u>