COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Hodges
Argued at Chesapeake, Virginia


SHELTON ORELL CARTER, S/K/A
 SHELDON CARTER
                                    MEMORANDUM OPINION* BY
v.    Record No. 0061-99-1         JUDGE RICHARD S. BRAY
                                         MAY 9, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Von L. Piersall, Jr., Judge

          Dianne G. Ringer, Senior Assistant Public
          Defender, for appellant.

          Eugene Murphy, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Sheldon Carter (defendant) was convicted in a bench trial of

attempted capital murder.  On appeal, he challenges the

sufficiency of the evidence to prove the requisite intent to kill.

Finding no error, we affirm the trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). The credibility of the witnesses, the weight accorded testimony, and the inferences drawn from the proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by evidence. See Code § 8.01-680.

## I.

At approximately 1:00 a.m. on March 12, 1998, Portsmouth Deputy Sheriff R.J. Jones, while operating his personal vehicle, was exiting Interstate 264 at Portsmouth Boulevard, when a "red Honda" "came up in front of [his] vehicle and veered off, almost clipping [Jones'] front left bumper." Jones followed as the car traveled in the left lane, adjacent to a grassy median, finally stopping at a traffic signal. Jones then angled his vehicle in front of the Honda, exited and approached the car. Dressed in full uniform with badge displayed, Jones identified himself to the driver, defendant, inquired "if he was all right," and requested license and registration.

While Jones was engaged with defendant, a marked Portsmouth police vehicle, operated by Officer Roland John Pollack, "pulled up . . . with lights on" and "parked approximately ten to fifteen feet . . . back of the Honda." Defendant then shifted the car into reverse, looked "directly" at Pollack and "came flying back," hitting "the push bumpers" of the police vehicle. Defendant

-

immediately "revved up [the] engine again, went forward" at "ten or fifteen [miles per hour]" and "took a sharp left towards" Jones, then standing to the left and front of defendant's vehicle. As the car lunged, it came "within inches" of Jones, and he "jumped out of the way," "falling in the grass of the median." Despite an alternate escape route, which would have avoided both Jones and his vehicle, defendant continued forward and collided with Jones' car, resulting in substantial damage, before speeding away from the scene. Following a brief high-speed pursuit, Portsmouth police apprehended defendant and placed him under arrest for the instant offense.

Testifying at trial, defendant admitted knowledge that Jones was a law enforcement officer, but denied an intention to "run over" him. He explained that he lost control of the car "because [the] brakes were bad" and fled only to avoid arrest "for parole violation" and traffic offenses. Defendant denied turning toward Jones, insisting that he "went straight."

## II.

"The willful, deliberate, and premeditated killing of a law-enforcement officer . . . when such killing is for the purpose of interfering with the performance of his official duties," constitutes capital murder pursuant to Code § 18.2-31(6). An attempt of the offense "'is composed of two elements: the intention to commit the crime, and the doing of some direct act towards its consummation which is more than mere preparation but

-

falls short of execution of the ultimate purpose.'" Gray v. Commonwealth, 30 Va. App. 725, 735, 519 S.E.2d 825, 830 (1999) (citation omitted). Here, defendant challenges on appeal only the sufficiency of the evidence to prove the requisite intent.

"The intent required to be proven in an attempted crime is the specific intent in the person's mind to commit the particular crime for which the attempt is charged." Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987). Intent "may be, and frequently is, shown by circumstances. It is a state of mind which may be proved by a person's conduct or by his statements." Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969). "[T]he fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts." Moody v. Commonwealth, 28 Va. App. 702, 706-07, 508 S.E.2d 354, 356 (1998). "[W]hen the fact finder draws such inferences reasonably, not arbitrarily, they will be upheld." Id. at 707, 508 S.E.2d at 356. "A motor vehicle, wrongfully used, can be a weapon as deadly as a gun or a knife." Essex v. Commonwealth, 228 Va. 273, 281, 322 S.E.2d 216, 220 (1984).

In Moody, a prosecution for attempted malicious wounding with an automobile, the accused was fleeing in a truck from a high school parking lot, after "breaking into . . . a car." 28 Va. App. at 705-06, 508 S.E.2d at 356. A teacher had heard the sound of shattering glass, hurried to the lot, observed Moody's vehicle moving toward the only exit, and "stepped into its . . . path."

-

Id. at 705, 508 S.E.2d at 356. "Rather than slowing or stopping, [Moody] accelerated towards [the teacher], motioning for him to move out of the way." Id. When the oncoming vehicle was within ten to fifteen feet, the teacher "jumped" to safety. Id. In finding the evidence sufficient to prove the requisite intent, we noted

> that [Moody] . . . saw [the teacher] blocking the only avenue of . . . escape, [and] deliberately . . . accelerate[d] his car toward the pedestrian, never decelerating, braking, or swerving to avoid him, even when . . . only five to ten feet away . . . . [The teacher] was spared certain injury . . . by jumping out of the vehicle's path at the last moment. Although appellant warned [the teacher] to move out of his way with a wave, this act does not negate the . . . reasonable inference that appellant had formed the specific intent to run over [the teacher] should [he] not move out of his way.

Id. at 707, 508 S.E.2d at 356.

Here, the evidence of defendant's criminal intent is more compelling than in Moody. After clearly evincing a disregard for the safety of both Jones and Pollack by deliberately backing into the police vehicle, defendant accelerated forward and turned toward Jones, necessitating a leap to safety when the car was within inches. Testimony that defendant only intended to escape was belied by evidence he could have driven from the scene without steering the car toward Jones. Moreover, defendant could have simultaneously pursued both unlawful acts, flight to avoid apprehension and the murder of Jones. See

-

Hughes v. Commonwealth, 18 Va. App. 510, 530, 446 S.E.2d 451, 463 (1994) (en banc) (Coleman, J., concurring) (a person may act with two or more criminal intentions).

Accordingly, we find the evidence sufficient to support the conviction and affirm the trial court.

Affirmed.

-