# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Carlton Ferguson

July 21, 2000

Case No. 00-199

BY JUDGE EDWARD L. HOGSHIRE

In this criminal action, the Defendant was charged with attempted malicious wounding of a police officer, operating a motor vehicle with a suspended license, reckless driving, and eluding police. The only issue that remains is whether the Commonwealth has produced sufficient evidence to prove that the Defendant had the requisite specific intent to maliciously wound a police officer. After reviewing the briefs submitted by the parties and listening to oral argument, for the reasons stated below, the Court concludes that the Commonwealth has established that the Defendant had the requisite intent for attempted malicious wounding.

## Statement of Facts

Officer Graziano pursued the Defendant after observing him run a stop sign. The Defendant ran two more stop signs and Officer Graziano activated the flashing lights on her clearly marked police cruiser. The Defendant threw an object from the window before pulling over. Soon after Officer Graziano had approached the Defendant's stopped car, another officer pulled up behind her. The Defendant produced a Virginia driver's license that appeared valid

on its face. Upon hearing Officer Graziano and the other officer discussing detaining him, the Defendant said to Officer Graziano, "I got to go," and started to drive away. Officer Graziano then lunged into the open window of the moving car to try to disable the car by removing the keys, grabbing the steering wheel, striking the Defendant in the head, and grabbing his shirt collar. The officer called to the driver to stop as she ran along side the car. The Defendant then stopped the car and the officer grabbed the keys. The Defendant immediately regained possession of the keys and started driving away again. At that point, the officer grabbed the wheel and lifted her feet off the ground to avoid being dragged. Officer Graziano testified that during this second attempt to leave, the Defendant increased his speed. She could not run fast enough to keep up and for a few seconds could not extricate her arm from the car's interior. The parties dispute the exact rate of speed at which the car was traveling. According to Officer Graziano, the Defendant dragged her for approximately one hundred feet before he stopped suddenly, causing her to fall from the car. The Defendant then ran over her foot as he sped away.

## Discussion

In order to convict an accused of attempted malicious wounding, the Commonwealth must prove that the accused: (1) intended to "maliciously shoot, stab, cut or wound any person with the intent to maim, disfigure or kill" and (2) committed a direct but ineffectual act toward this purpose. *See* Virginia Code § 18.2-51. Clearly, in this case, the Defendant's primary intent was to get away. Thus, the question is whether the Defendant's reckless disregard for the officer's safety in his attempt to escape can be deemed to provide the requisite intent for an attempted malicious wounding conviction.

The Commonwealth argues that the Defendant's driving away with Officer Graziano partially inside the car demonstrates an intent to cause the officer serious bodily harm, even if the main purpose or goal of his actions was to escape and evade capture. The Commonwealth also asserts that maiming, disabling, disfiguring or killing Officer Graziano are reasonable and probable consequences of the intentional act of dragging someone who is caught in a moving car. *See, e.g., Lee v. Commonwealth*, 135 Va. 572 (1923); *David v. Commonwealth*, 2 Va. App. 1 (1986). The Defendant claims that he cannot be convicted because the Commonwealth has not proved the requisite intent beyond a reasonable doubt.

The Court's analysis is governed by *Moody v. Commonwealth*, 28 Va. App. 702 (1998). This case held that while the defendant's primary intention was to escape, he was guilty of attempted malicious wounding since the direct

consequences of his actions would have been the injury or death of a person in the path of his vehicle. *See Moody*, 28 Va. App. at 708. Like the defendant in *Moody*, Ferguson's goal was to escape. However, also like *Moody*, (where the victim intervened by jumping out of the way), in the case at bar, Officer Graziano was able to avoid serious injury by freeing herself from the car and avoid falling under the car. Had her efforts proved to be unsuccessful, serious bodily injury would have been a certain consequence.

"[T]he fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts." *Moody*, 28 Va. App. at 706-707. The Court finds that beyond a reasonable doubt the Defendant had the specific requisite intent to perform the actions that placed the officer in grave danger; if effectual, the direct consequences of the Defendant's actions would have been serious injury or death.

For the above stated reasons, the Court finds the evidence sufficient to convict the Defendant of attempted malicious wounding.