COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bray and Annunziata
Argued at Alexandria, Virginia


GARY WAYNE SIMMONS

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1202-99-3         JUDGE RICHARD S. BRAY
                                        AUGUST 1, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                      Thomas H. Wood, Judge

          Frank A. Mika for appellant.

          Eugene Murphy, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Gary Wayne Simmons (defendant) was convicted of attempted

malicious wounding of a law enforcement officer and felonious

property damage, violations of Code §§ 18.2-51.1 and 18.2-137,

respectively.  On appeal, he contends the trial court erroneously

(1) found the evidence sufficient to prove the convictions; (2)

required restitution for property damage without a predicate

criminal conviction; and (3) imposed a sentence for attempted

malicious wounding, misunderstanding the prescribed penalty.

Finding no error, we affirm the convictions and related

restitution order.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

                                    I.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). The credibility of the witnesses, the weight accorded testimony, and the inferences drawn from the proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by evidence.  See Code § 8.01-680.

In the early evening hours of June 7, 1998, Augusta County Deputy Sheriff Dennis Back, in uniform and operating a "marked unit," arrived at defendant's residence, intending "to try to serve a warrant."  As Back was "coming up the driveway," he recognized defendant, the subject of the warrant, "getting into a pickup truck" and beginning to "back out."  As defendant turned the truck toward the roadway, Back positioned his vehicle "in front," but defendant "reverse[d] . . . into his yard where he could go around [the] police car," and fled.  Back "activate[d] [his] signals" and pursued defendant onto Interstate 81, reaching speeds "[b]etween 70 and 75 mile[s] per hour," while calling "for

-

assistance" and repeatedly ordering defendant, via a "P.A. system," to "pull over."

Responding to Back's radio message, Virginia State Trooper Adrian J. Thompson, also operating a police vehicle, proceeded to a nearby exit on Interstate 81 to intercept defendant. When Thompson observed defendant's truck approaching, he drove "in front of him" and "attempted a moving roadblock" "weav[ing] back and forth . . . to slow him down." As defendant "just about stopped if not completely stopped" on the right shoulder, Thompson "attempted to back up to keep the pursuit from going any further." Defendant, however, abruptly "pulled [the truck] out" onto the highway, striking the rear of the police vehicle, "knock[ing] [it] over in the ditch," and sped away, with Back in pursuit.

Although damaged, Thompson's "car was still able to go," and he rejoined the chase, soon passing both Back and defendant as the vehicles exited onto Interstate 64. Again ahead of defendant, Thompson "started slowing down . . .[,] trying to get him stopped," but defendant "didn't react" and once more collided with the police vehicle. In a "chain reaction," Back then struck the rear of defendant's truck. Apprehended at the scene, defendant "had a strong odor of alcohol" and was described, without objection, as "intoxicated." Damages to the automobiles operated by Back and Thompson totaled $4,374.40 and $1,156.92, respectively.

-

At trial, defendant acknowledged that his conduct "could have killed someone."  However, he testified that he never "intentionally tr[ied] to hit anybody" and simply "panicked and . . . done something [he] shouldn't never done."

The trial court convicted defendant for attempted malicious wounding of Thompson and related damage to the state police vehicle.  The court further ordered restitution for damages to both the Commonwealth and Augusta County for damages to the cars operated by Thompson and Back.  On appeal, defendant challenges the sufficiency of the evidence to establish the criminal intent necessary to support the convictions and the propriety of restitution to Augusta County for damages to the sheriff's vehicle, absent conviction for a related offense.

## II.

"'An attempt is composed of two elements:  the intention to commit the crime, and the doing of some direct act towards its consummation which is more than mere preparation but falls short of execution of the ultimate purpose.'"  Gray v. Commonwealth, 30 Va. App. 725, 735, 519 S.E.2d 825, 830 (1999) (citation omitted). "The intent required to be proven in an attempted crime is the specific intent in the person's mind to commit the particular crime for which the attempt is charged."  Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987).  Intent "may be, and frequently is, shown by circumstances.  It is a state of mind which may be proved by a person's conduct or by his statements."

-

Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "[T]he fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts." Moody v. Commonwealth, 28 Va. App. 702, 706-07, 508 S.E.2d 354, 356 (1998). "[W]hen the fact finder draws such inferences reasonably, not arbitrarily, they will be upheld." Id. at 707, 508 S.E.2d at 356. "A motor vehicle, wrongfully used, can be a weapon as deadly as a gun or a knife." Essex v. Commonwealth, 228 Va. 273, 281, 322 S.E.2d 216, 220 (1984).

Here, defendant willfully engaged in conduct clearly calculated to evade apprehension, initially by Deputy Back and, later, by both Back and Trooper Thompson. Ignoring emergency lights and sirens of two law enforcement vehicles, together with Back's entreaties to stop, defendant, intoxicated and panicked, fled along interstate highways at excessive speed, and otherwise dangerously operated his truck. In a continuing effort to escape capture, he twice collided with the police vehicle operated by Thompson, intentionally driving forward on both occasions, aware that Thompson was ahead, slowing to effect a stop, and that he "could have . . . killed" him.

-

Notwithstanding defendant's contrition at trial, such evidence sufficiently supports the finding that he maliciously attempted to injure Trooper Thompson and unlawfully damaged the Commonwealth's property in furtherance of his criminal purpose.

### III.

Defendant's assertion that the trial court was without authority to order restitution to Augusta County for damages to the vehicle driven by Deputy Back is likewise without merit. Code § 19.2-305.1(A1) provides, in pertinent part, that "any person who . . . commits, and is convicted of, a crime in violation of any provision in Title 18.2 . . . shall make at least partial restitution for <u>any</u> property damage . . . <u>caused</u> by the crime[.]" (Emphasis added.) <u>See</u> Code §§ 19.2-303, -305, -305.2 and -305.3. Manifestly, defendant's final assault upon Trooper Thompson resulted in the collision between the Augusta County Sheriff's vehicle and defendant's truck and attendant damages. Thus, defendant committed and was convicted of the criminal conduct that caused the damages suffered by Augusta County and, therefore, properly required to make restitution pursuant to Code § 19.2-305.1(A1).

### IV.

Lastly, defendant complains that the sentence for attempted malicious wounding resulted from the court's "mistaken impression" that the offense "carried a two-year mandatory minimum"

-

imprisonment.[1]  However, our review of the record discloses that, after the Commonwealth incorrectly advised the court of the "mandatory minimum," defendant adopted the error during closing remarks to the court.  He cannot now approbate and reprobate.  See Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992).  Moreover, nothing in the record suggests that the court was guided by the inaccurate representations of counsel.  The sentence imposed, five years, was within the prescribed range of "not less than two . . . nor more than ten years[,]" Code § 18.2-10(d), and evinces no abuse of discretion.  See Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977).

Thus, the evidence supported both convictions, and the attendant sentences, including the disputed restitution, were free of error.  Accordingly, we affirm the trial court.

Affirmed.

---

[1] In actuality, the offense is classified a Class 4 felony, with no mandatory minimum period of incarceration.  See Code § 18.2-26(1).

-