COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Alston and Senior Judge Willis
Argued at Richmond, Virginia


DAVID ELWOOD McNEAL, SR.
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2171-09-3                   JUDGE JERE M. H. WILLIS, JR.
                                                          JULY 20, 2010
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                                Victor V. Ludwig, Judge

              David C. Smith, Assistant Public Defender (Office of the Public
              Defender, on brief), for appellant.

              Benjamin H. Katz, Assistant Attorney General (Kenneth T.
              Cuccinelli, II, Attorney General, on brief), for appellee.


        On appeal from his conviction of violating Code § 18.2-118 by failing to return rental

property within ten days of the expiration of the rental agreement, David Elwood McNeal, Sr.,

contends the evidence was insufficient to support his conviction.  We agree and reverse the

judgment of the trial court.

                                            FACTS

        Under familiar principles of appellate review, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  See Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779

(1999).

        Wenda Workman, the manager at Central Virginia Rental, testified that on September 18,

2008, McNeal rented from her company an aluminum brake, a stand, and an extra handle.  The

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

term of the rental was one week. She testified that McNeal kept the equipment for two to three months, during which time she tried unsuccessfully to contact him and sent him letters, to which he did not respond. She testified that the value of the brake and handle was $2,500 and the value of the stand was $300. The total accrued rental charge was $1,518.98.

Workman testified that Deputy Pultz returned the brake and the handle to the business. She could not recall the exact date of return, but thought it was in September. The stand was never recovered. Workman testified she did not have with her the papers regarding the lease and was unable to recall the relevant dates exactly. The written lease was not introduced into evidence.

The Commonwealth and McNeal stipulated that Pultz recovered the brake and handle from McNeal's sister's house on September 19, 2008.

## DISCUSSION

> Whenever any person is in possession or control of any personal property, by virtue of or subject to a written lease of such property, . . . and such person so in possession or control shall, with intent to defraud, . . . fail to return such property to the lessor thereof within ten days after expiration of the lease or rental period for such property stated in such written lease, he shall be deemed guilty of the larceny thereof.

Code § 18.2-118(a).

The indictment charged that "[McNeal,] while in possession or control of an aluminum brake, . . . by virtue of a written lease or rental agreement for said aluminum brake, . . . unlawfully [and] feloniously . . . fail[ed] to return the aluminum brake . . . within ten days after expiration of the lease or rental agreement . . . ." The trial court convicted McNeal "of the [specified] offense as charged in the indictment." The prosecution and the conviction were thus limited to circumstances surrounding McNeal's alleged retention of the brake, and embraced

- 2 -

neither the handle nor the stand. We review the evidence with respect to its sufficiency to prove that accusation.

When reviewing the sufficiency of the evidence to prove the elements of the crime, we "'presume the judgment of the trial court to be correct.'" Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002) (quoting Broom v. Broom, 15 Va. App. 497, 504, 425 S.E.2d 90, 94 (1992)). We reverse only if the trial court's judgment is "plainly wrong or without evidence to support it." Code § 8.01-680. A court considering a challenge to the sufficiency of the evidence does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (quoting Woodby v. INS, 385 U.S. 276, 282 (1966)). Rather, the relevant question is whether "*any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.*" Id. at 319. Pursuing this inquiry, we are mindful that "[g]reat deference must be given to the fact finder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1988).

The evidence proved McNeal rented the items from Central Virginia Rental on September 18, 2008 for a period of one week. This was the only evidence establishing the existence and the terms of the rental agreement. The parties stipulated that the police returned the aluminum brake and the extra handle on September 19, 2008. This stipulation was binding and conclusive. Although Workman testified McNeal kept the rented items for two to three months and that a large rental obligation accrued, this testimony conflicted with the undisputed evidence that the items were rented on September 18 and the stipulation that the brake and handle were returned on September 19, 2008. "When facts are equally susceptible to more than one interpretation, one which is consistent with the innocence of the accused, the trier of fact

cannot arbitrarily adopt an inculpatory interpretation." <u>Moody v. Commonwealth</u>, 28 Va. App. 702, 706, 508 S.E.2d 354, 356 (1998).

Thus, the evidence failed to prove beyond a reasonable doubt that McNeal did not return the brake within ten days of the expiration of the rental agreement. Accordingly, we reverse the judgment of the trial court.

<u>Reversed.</u>