COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Alston and Senior Judge Haley
Argued at Richmond, Virginia

MARCUS KEON RUFFIN
                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1815-15-2                          JUDGE ROSSIE D. ALSTON, JR.
                                                        DECEMBER 6, 2016
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                       Robert G. O'Hara, Jr., Judge

          (Amanda Nicole Mann, on brief), for appellant.  Appellant
          submitting on brief.

          J. Christian Obenshain, Assistant Attorney General (Mark R.
          Herring, Attorney General; Kathleen B. Martin, Senior Assistant
          Attorney General; David M. Uberman, Assistant Attorney General,
          on brief), for appellee.


       Marcus Keon Ruffin (appellant) appeals his conviction for felony destruction of property

over $1,000 in violation of Code § 18.2-137(B)(ii).  Appellant argues that the trial court erred in

finding the evidence sufficient to convict him because he lacked the requisite intent to destroy

the Enterprise rental car.  We affirm the decision of the trial court.

                                      I.  Background

       On April 18, 2015, appellant and Alexis Gaitor, with whom appellant shares a child, got

into an argument.  While on their way to return a rental car, with their child in the vehicle and

Gaitor driving, appellant and Gaitor continued to argue.  At appellant's July 22, 2015 bench trial,

Gaitor testified that she pulled into a driveway, asked appellant to get out of the car, and at that

point a physical altercation ensued.  Appellant refused to get out of the car, so Gaitor got out of

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the car to find help. Gaitor testified that appellant then got into the driver's seat, "yelled something out," and pulled out of the driveway into a roundabout, leaving Gaitor behind. Appellant wrecked the vehicle as he drove through the roundabout.

Richard Savidge, Jr., who was pulling up to a yield sign in the roundabout, witnessed the wreck and testified that appellant went around him, into a lane for oncoming traffic, through a yield sign, "and then he went over top of the roundabout and hit [an] ambulance." After hitting the ambulance, the car rolled over. Mr. Savidge testified that appellant was driving about sixty or sixty-five miles per hour.

In his defense, appellant testified that he had never traveled through those particular back roads of Prince George County before and assumed that he could turn left based on the direction Gaitor drove to get into the driveway. Appellant further testified that he saw cars coming toward him. On cross-examination, appellant stated that the roundabout was right in front of the driveway and that it was necessary to make a right to get into the roundabout. While driving against the flow of traffic, appellant testified that he tried to turn right but he was already going across the median because the car fishtailed on the dirt nearby.

Gaitor testified that on the day of the accident, she believed that appellant intentionally crashed the car, however, by the time appellant's trial commenced, Gaitor had changed her mind and maintained that she did not believe that appellant intended to crash the vehicle. Both parties stipulated that Trey Jackson, a manager at Enterprise Rent-A-Car, would have testified that the value of the Chevy Malibu rental car, at the time of the accident, was $16,828.97. The parties further stipulated that the car was totaled from the collision, with damages costing over $18,000.

At the conclusion of the Commonwealth's case, appellant moved to strike the Commonwealth's evidence, arguing that the Commonwealth failed to prove that appellant had acted intentionally, a necessary element to prove a prima facie case of felony destruction of

property over $1,000.  In its response, the Commonwealth stated:  "We proffered at our opening statement that . . . Gaitor would testify to comments that [appellant] made.  Obviously after a couple of questions, she did not.  We would have to ask the Court to infer [appellant's] intent from the actions regarding his intent to destroy the property."  The trial court denied the motion.

At the conclusion of the trial, the trial court found appellant guilty and noted in its findings that appellant's driving was "reckless, wanton, and willful."  Further, the trial court held that the testimony was "almost . . .  uncontradicted" that the car was stopped in a circular driveway and that it had to be stopped for Gaitor to exit and appellant to get in the driver's seat.  Moreover, the trial court found that it was "basically not in dispute" that the driveway was only several hundred feet from the roundabout.  The trial court noted that

> an eyewitness driver . . . testified that [appellant] passed him by going into the lane of oncoming traffic.  And he estimated his speed to be between sixty and sixty-five.  And if [appellant] got to that speed within 200 or so feet of getting to the roundabout . . . those physical facts are most indicative of reckless conduct.

Ultimately, the trial court concluded that the evidence was sufficient for the felony destruction of property charge as appellant "did unlawfully destroy the rental property of Enterprise Rent-A-Car."

The trial court sentenced appellant to five years in prison with three years suspended[1] for the felony destruction of property charge.  This appeal followed.

---

[1] The trial court sentenced appellant to a total of eleven years in prison with six years suspended for appellant's three convictions.

II. Analysis

Appellant assigns error to his conviction for felony destruction of property under Code § 18.2-137(B).[2] He argues that the trial court erred as a matter of law in finding him guilty under Code § 18.2-137(B)[3] as the trial court referred to his conduct as "unlawful," and therefore, the requisite intent necessary under subsection (B) was not met. Appellant argues that the evidence fell short of supporting a finding for the required specific intent for felony destruction of property.

In considering the sufficiency of the evidence on appeal, the appellate court "reviews the evidence in the light most favorable to the Commonwealth, according it the benefit of all reasonable inferences." Singleton v. Commonwealth, 278 Va. 542, 548, 685 S.E.2d 668, 671 (2009). In so doing, the trial court's judgment will be affirmed "unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The reviewing court "does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003)

---

[2] Appellant stated that this issue was not preserved at trial but asked this Court to apply the ends of justice exception to Rule 5A:18. During briefing, and in oral argument, the Commonwealth conceded that the issue was, in fact, preserved at trial. We accept this concession.

[3] Code § 18.2-137 provides that:

A. If any person *unlawfully* destroys, defaces, [or] damages . . . any property, real or personal, not his own, . . . he shall be guilty of a Class 3 misdemeanor . . . .

B. If any person *intentionally* causes such injury, he shall be guilty of (i) a Class 1 misdemeanor if the value of or damage to the property . . . is less than $1,000 or (ii) a Class 6 felony if the value of or damage to the property . . . is $1,000 or more.

(Emphasis added).

(quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)).  Rather, the reviewing court "must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Id. (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)).

Here, appellant relies on Scott v. Commonwealth, 58 Va. App. 35, 707 S.E.2d 17 (2011), as a basis for why this Court should reverse his conviction for felony destruction of property, and argues that it is analogous to this case.  In Scott, this Court reversed a conviction of felony destruction of property under Code § 18.2-137(B).  58 Va. App. at 47-54, 707 S.E.2d at 23-27. We found that, in amending Code § 18.2-137 in 1999, the legislature intended to distinguish criminal liability based on the *mens rea* involved:

> Code § 18.2-137(B) attaches criminal liability when a person performs a *volitional act* that damages the property of another *and* the person specifically *intends* to cause damage to the property by that act. . . . Code § 18.2-137(B) does not criminalize the *mere* performance of a volitional act conducted in a criminally negligent manner that happens to damage the property of another.

58 Va. App. at 49-50, 707 S.E.2d at 25 (emphasis added).  In contrast, "Code § 18.2-137(A) retains the pre-amendment *mens rea* language of the statute, attaching criminal liability when a person 'unlawfully' damages the property of another," by engaging in criminal negligence.  Id. at 50, 707 S.E.2d at 25.

In reversing Scott's conviction, this Court explained that because the trial court found Scott's actions to be simply criminally negligent, the actions did not satisfy the intent element required under Code § 18.2-137(B).  Id. at 47, 707 S.E.2d at 23-24.  Here, however, the trial court found that appellant's actions were "reckless, wanton, and *willful*."  (Emphasis added). Thus, Scott is distinguishable.  See Knight v. Commonwealth, 61 Va. App. 148, 163, 733 S.E.2d 701, 708 (2012) (finding Scott did not control because the trial court found appellant therein had

*intentionally* destroyed property). As a result, we must consider whether the trial court's finding that appellant's actions were willful, supports the requisite intent to destroy the Enterprise rental car in violation of Code § 18.2-137(B).

"The specific intent to commit [a crime] may be inferred from the conduct of the accused if such intent flows naturally from the conduct proven." Id. at 161, 733 S.E.2d at 707 (quoting Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 674 (1995)). While intent can be shown by circumstantial evidence, it is "a state of mind which can be evidenced only by the words or conduct of the person who is claimed to have entertained it." Id. at 163, 733 S.E.2d at 708 (quoting Moody v. Commonwealth, 28 Va. App. 702, 706, 508 S.E.2d 354, 356 (1998)).

> The fact finder . . . is entitled to draw inferences from proved facts, so long as the inferences are reasonable and justified. . . . [T]he fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts. Thus, when the fact finder draws such inferences reasonably, not arbitrarily, they will be upheld.

Id. (quoting Moody, 28 Va. App. at 706-07, 508 S.E.2d at 356).

Here, in finding appellant's actions to be willful, the trial court drew reasonable inferences to support its finding that from his behavior and statements, appellant's actions were both volitional *and* intentional. A reasonable fact finder could certainly find that appellant intended the "immediate, direct, and necessary consequences" of his actions. See id. After getting into a physical and heated argument with Gaitor, appellant "yelled something," while turning out of a driveway into oncoming traffic in a traffic circle, and then drove around another vehicle, through an intersection to cross over the median of a traffic circle. All of these circumstances occurred while appellant was driving sixty to sixty-five miles per hour in an area he was unfamiliar with, and where there were other vehicles around. See Knight, 61 Va. App. at 162, 733 S.E.2d at 708 (finding the trial court did not err in finding that intent was proven where

- 6 -

an individual drove a vehicle 42 to 72 miles per hour above the speed limit into a turning lane, in a commercial area where many vehicles typically traveled at slow speeds); McDuffie v. Commonwealth, 49 Va. App. 170, 178-79, 638 S.E.2d 139, 143 (2006) (finding the evidence sufficient to prove the intent required under Code § 18.2-137(B), where a defendant got into a physical altercation with his wife, took the car keys by force, "revved up" his engine, circled the block, returning a few minutes later, driving fifty-five to sixty miles per hour, and causing the car to go over a curb, become airborne, and crash into a nearby vehicle). As a result of appellant's actions, appellant's car went airborne, hit an ambulance, and flipped several times.

This evidence was sufficient for the trial court to conclude that appellant had the requisite intent to support a conviction of felony destruction of property. As a result, the trial court's finding was not plainly wrong. Thus, we find no error in the trial court's findings.

For the forgoing reasons, we affirm the trial court on the assignment of error and affirm appellant's conviction.

Affirmed.