UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Beales and AtLee
Argued at Richmond, Virginia


HARRY LIONEL HUNTER, JR.

MEMORANDUM OPINION[*] BY
v.        Record No. 0479-17-2               JUDGE RICHARD Y. ATLEE, JR.
                                             MARCH 20, 2018
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

Lauren P. Whitley, Deputy Public Defender, for appellant.

John I. Jones, IV, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


A judge of the Circuit Court of the City of Richmond convicted Harry Hunter, Jr. of

unlawful wounding. On appeal, Hunter assigns two related errors. First, he asserts that the

circuit "court erred as a matter of law in convicting Mr. Hunter of unlawful wounding when the

court made a finding of fact that Mr. Hunter did not possess an intent to maim, disfigure, disable,

or kill." Second, he asserts that the circuit "court erred in finding Mr. Hunter guilty of unlawful

wounding as there was insufficient evidence that Mr. Hunter possessed an intent to maim,

disfigure, disable, or kill." We decline to consider the merits of Hunter's first assignment of

error, because he failed to preserve it. As to his second assignment of error, we find the evidence

of Hunter's intent sufficient, and we affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"The evidence and all just and reasonable inferences therefrom must be viewed on appeal in the light most favorable to the [Commonwealth]." Pijor v. Commonwealth, 294 Va. 502, 516, 808 S.E.2d 408, 415 (2017) (alteration in original) (quoting Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982)). So viewed, the evidence showed that Hunter was standing in an elevator on the first floor of an apartment building when Kyle Johnson ("the victim") entered the elevator. Hunter told the victim "Hurry up, I got to use the bathroom." But as the elevator door was closing, the victim saw an older man, Mr. Fox, coming down the hallway toward the elevator. The victim held the elevator door to allow Mr. Fox to board. The delay caused by this courtesy infuriated Hunter, who was nearing the point of involuntary micturition. As the elevator rose from the first floor to the third, Hunter and the victim argued.

The victim got off the elevator on the third floor. As he exited, he brushed against Hunter with items the victim was holding in one hand. Hunter followed the victim out of the elevator, circled around to the front of the victim, and used his fists to strike him twice in the face. Hunter also cut the victim's face, though the victim could not tell what Hunter used to cut him.[1] The victim had no time or opportunity to avoid Hunter's attack or fight back.

At trial, the victim's injuries were described by the treating facial surgeon, who testified as both a fact witness and an expert in "oral and facial surgery." The surgeon described how he was required to "tie[] off the vessels that were bleeding" in order to "g[e]t the bleeding under control" and later "had to suture at the cheek and neck." He testified that the laceration was "consistent with being cut with a sharp object." Although the surgeon agreed with Hunter's

---

[1] Hunter testified that the day before the altercation, he had found a ring, and was wearing it on his left hand when he struck the victim. He testified that the ring initially had a stone in it, but after the altercation with the victim, Hunter noticed that the stone was missing. He testified: "I don't think a ring would do all of that, but I—I did fight him, so I guess I did." As a result of his injuries, the victim still had a scar at the time of trial.

attorney's suggestion that the injury could have been caused by a "ring that had a jagged feature," he also agreed with the Commonwealth's statement that, had the cut been caused by a ring, the ring would "have needed to be scraped across [the victim's] face to cause that type of open wound that started from behind his ear to his mouth." Finally, the surgeon testified that there was an "acute fracture of the nasal bone" as well as a fracture to the cheekbone.

In finding Hunter guilty, the circuit court summarized the facts in this way:

> I think when the victim got on the elevator with him, [Hunter] was upset obviously that [the victim] was holding the door for [Mr. Fox], an argument ensued, whereby, they were cursing back and forth, and I believe the victim, at which point in time, this is getting more heated than [the victim] anticipated and he was struck at that time as he's getting off with a very severe blow, causing a fracture to his nose and borderline displacement, although that may have been there, to the side of his face.
> I think it was totally a surprise to the victim which is why it was so severe because he was caught off guard. He had items in his hand and he wasn't able to defend himself. . . . There's no—nothing defensive, no defensive injuries at all to the defendant. I think it was an attack, if you will, but I think it was more of the nature of rage or heat of passion, so because of that, I will find him guilty of the lesser included offense of unlawful wounding in violation of 18.2-51.

The circuit court sentenced Hunter to five years in the penitentiary, suspending one. Hunter then noted this appeal.

ANALYSIS

Code § 18.2-51 declares one guilty of unlawful wounding if he unlawfully "shoot[s], stab[s], cut[s], or wound[s] any person or by any means cause[s] him bodily injury, with the intent to maim, disfigure, disable, or kill." Both of Hunter's assignments of error concern not the injuries he inflicted upon the victim, but his intent in inflicting those injuries.

First Assignment of Error

In his first assignment of error, Hunter asserts that the circuit "court erred as a matter of law in convicting Mr. Hunter of unlawful wounding when the court made a finding of fact that

- 3 -

Mr. Hunter did not possess an intent to maim, disfigure, disable, or kill." In support of this argument, Hunter points to this sentence uttered by the circuit court judge: "I don't know and there's been no indication that [Hunter] actually knew that the ring would cause that type of injury, which is another issue." Hunter characterizes that sentence as a finding of fact that Hunter did not possess the intent to maim, disfigure, disable, or kill (a finding which would be inconsistent with the commission of an unlawful wounding).

Hunter did not bring this alleged error to the attention of the circuit court, either immediately after the circuit court judge made the comment, or later (by way of a motion to set aside the verdict or at sentencing).[2] For this reason, the Commonwealth argues that Rule 5A:18 precludes our consideration of Hunter's argument. We agree. Rule 5A:18 reads, in relevant part: "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." We cannot consider arguments "raised for the first time on appeal." McLean v. Commonwealth, 30 Va. App. 322, 329, 516 S.E.2d 717, 720 (1999). This remains true even if an appellant raised related arguments in the trial court. See Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*). The Supreme Court of Virginia has observed that the purpose of preservation of error rules in Virginia's appellate courts "is 'to protect the trial court from appeals based upon undisclosed grounds, to prevent the setting of traps on appeal, to enable the trial judge to rule intelligently, and to avoid unnecessary reversals and mistrials.'" Jimenez v. Commonwealth, 241 Va. 244, 248-49, 402 S.E.2d 678, 680 (1991) (quoting Fisher v. Commonwealth, 236 Va.

---

[2] Trial occurred in December 2016, and the initial sentencing order was entered in March 2017. Two corrected sentencing orders were later entered, in April 2017 and September 2017. During all of that time, Hunter never made the circuit court aware of the error he now wishes to raise.

403, 414, 374 S.E.2d 46, 52 (1988)).  To consider Hunter's first assignment of error would be to permit an appeal upon an issue not disclosed to the trial court.[3]

Finally, we will not consider any of the exceptions to Rule 5A:18's preservation requirement.

> At no point has the appellant asserted that the ends of justice exception to Rule 5A:18 applies to permit this Court to consider [this argument], and we decline to consider that limited exception *sua sponte*.  In addition, the appellant does not raise the "good cause" exception to Rule 5A:18, and a review of the record does not provide any reason to invoke it.

Banks v. Commonwealth, 67 Va. App. 273, 286, 795 S.E.2d 908, 914 (2017) (citation omitted).  For these reasons, Rule 5A:18 bars our consideration of Hunter's first assignment of error.

Second Assignment of Error

In his second assignment of error, Hunter asserts that the circuit "court erred in finding Mr. Hunter guilty of unlawful wounding as there was insufficient evidence that Mr. Hunter possessed an intent to maim, disfigure, disable, or kill."  "Intent is a state of mind which can be evidenced only by the words or conduct of the person who is claimed to have entertained it." Banovitch v. Commonwealth, 196 Va. 210, 216, 83 S.E.2d 369, 373 (1954).  "When considering on appeal whether the evidence was sufficient to support a criminal conviction, 'we review factfinding with the highest degree of appellate deference.'"  Pijor, 294 Va. at 512, 808 S.E.2d at 413 (quoting Bowman v. Commonwealth, 290 Va. 492, 496, 777 S.E.2d 851, 854 (2015)).  A trial court's judgment is presumptively correct, subject to displacement by this Court only if "it is 'plainly wrong or without evidence to support it.'" Id. (quoting Code § 8.01-680).

---

[3] Hunter claims that he preserved this error when, in his renewed motion to strike, his attorney argued that "[Hunter] wasn't thinking that the ring would do this."  We find that this vague statement, uttered before the trial court had even made the allegedly erroneous statement, did not "enable the trial judge to rule intelligently" upon the error Hunter now alleges.  Jimenez, 241 Va. at 249, 402 S.E.2d at 680 (quoting Fisher, 236 Va. at 414, 374 S.E.2d at 52).

Here, Hunter inflicted multiple injuries upon the victim. The victim had a broken nose, and the laceration to the victim's face ran from several inches behind his right ear, down to his jaw, and across his cheek. The wound required numerous stitches to close, and a scar was still visible at trial, over a year after the attack. Regardless of the exact mechanism of the injury, the surgeon agreed that the weapon used must have been "scraped across [the victim's] face to cause that type of open wound that started from behind his ear to his mouth." The victim's injuries were not the result of a single blow. Furthermore, according to the circuit court, the attack was "totally a surprise to the victim which is why it was so severe because he was caught off guard. He had items in his hand and he wasn't able to defend himself." Finally, there was no evidence that Hunter was injured at all, lending further credence to the theory that this was a one-sided, surprise attack upon a victim unprepared to fight back.

Although a fact finder may not look solely at the extent and seriousness of a victim's injury in order to infer an intent to maim, disfigure, disable, or kill, it may consider the extent and seriousness of a victim's injury alongside any other competent evidence in determining the attacker's intent. In Burkeen v. Commonwealth, 286 Va. 255, 749 S.E.2d 172 (2013), the Supreme Court affirmed a conviction for malicious wounding resulting from a single punch with a bare fist.

> It is proper for a court to consider not only the method by which a victim is wounded, but also the circumstances under which that injury was inflicted in determining whether there is sufficient evidence to prove an intent to maim, disfigure, disable or kill. In the present case, the victim did nothing to provoke the attack, and he was hit with extreme force in a vulnerable area of his body while he was defenseless and not expecting such a blow. The blow resulted in serious and disfiguring injury.

Id. at 260-61, 749 S.E.2d at 175 (citation omitted). So too here: Hunter attacked a victim who was not expecting a blow and was unable and unprepared to defend himself, striking him more

than once, breaking bones, and cutting a vulnerable area of the victim's body with some object. The attack left the victim seriously injured.

Fact finders "may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts." Moody v. Commonwealth, 28 Va. App. 702, 706-07, 508 S.E.2d 354, 356 (1998). Here, Hunter delivered multiple surprise blows and a large cut to the face of a victim unprepared and unable to fight back. In light of these facts, the circuit court's determination that Hunter possessed the necessary intent was not plainly wrong and had evidence to support it.

CONCLUSION

Rule 5A:18 bars our consideration of Hunter's first assignment of error. As to his second assignment of error, we find the evidence of Hunter's intent sufficient, and we affirm.

Affirmed.