THE COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Humphreys
Argued at Richmond, Virginia


GEORGE TYRONE HUTCHINSON, a/k/a
 STEVEN DAVIS, a/k/a CHRISTIAN BEANEY    MEMORANDUM OPINION[*] BY
                                         JUDGE ROBERT J. HUMPHREYS
v.   Record No. 1865-01-2                       JULY 16, 2002

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                       Thomas N. Nance, Judge

            Craig W. Stallard, Assistant Public Defender,
            for appellant.

            Eugene Murphy, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     George Tyrone Hutchinson appeals his convictions, after a

bench trial, for felony failure to appear, pursuant to Code

§ 19.2-128, and for assault of a law enforcement officer,

pursuant to Code § 18.2-57.[1]  Hutchinson contends there was

insufficient evidence to sustain the convictions.  For the

reasons that follow, we affirm the judgment of the trial court.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Hutchinson was also charged for three drug offenses which
were stricken by the court at trial and are therefore not at
issue on appeal.

## I.  BACKGROUND

On January 5, 2001, Officer Erlan Marshall of the Richmond City Police Department observed Hutchinson driving a car with an inspection rejection sticker on it.  Accordingly, Marshall pulled Hutchinson over.  Hutchinson stopped his car in a parking lot, next to a black Jeep.  As Marshall walked to the driver's side window, he observed Hutchinson was shaking and appeared to be very nervous and agitated.  Marshall also detected a strong odor of marijuana coming from the car.  He asked to see Hutchinson's driver's license, and Hutchinson told him that he did not have any identification.  He then asked Hutchinson to step out of the car and attempted to place him in handcuffs.

At that point, a struggle ensued.  Marshall and Hutchinson were "struggling, bouncing off vehicles, fighting each other, in between vehicles as [Hutchinson] was attempting to get away from [Marshall]."  Some items of Hutchinson's clothing fell to the ground during the struggle.  Finally, "[Hutchinson] pushed off of [Marshall] in [Marshall's] chest area and ran."  Marshall apprehended Hutchinson a few moments later, with the help of a bystander.  Marshall had sustained a scratch and a bruise on the side of his face as a result of the struggle.

After Hutchinson was taken to the police station, and after the officers had left the scene, a citizen called Officer Shane Waite and informed him that he should return to the scene and look under the Jeep that was parked next to Hutchinson's car.

-

Officer Waite returned and found a small bag under the Jeep containing marijuana, heroin and crack cocaine.

Later that afternoon, felony warrants, including warrants for drug charges and a warrant for felony assault of a law enforcement officer, were issued for Hutchinson, setting the arraignment for January 8, 2001 at 9:00 a.m. The warrants state that Hutchinson was served by the sheriff that same day, January 5, 2001.[2]

An additional warrant was issued for Hutchinson on January 11, 2001, for felony failure to appear "in the Richmond General District Court after having been bonded or summoned to appear on a charge of [p]oss[sion] [of] [c]ocaine, [h]eroin, [m]arijuana[,] [and] intent[ional] [a]ssault [on a] [p]olice [o]fficer." Hutchinson was subsequently indicted for possession of cocaine with intent to distribute, possession of heroin with intent to distribute, possession of marijuana with intent to distribute and assault on a law enforcement officer. Hutchinson was also indicted for felony failure to appear, for his failure to appear in court on January 8, 2001.

During the trial, the following dialogue took place between the court and Officer Marshall:

---

[2] The warrants were actually issued in the name of Steven Davis. Hutchinson gave officers this false name upon his arrest and booking. It was later determined that "Steven Davis" was Hutchinson, and there is no issue on appeal concerning Hutchinson's identity.

> Court:  Officer, were you in court on
> January 8[, 2001]?
>
> Officer Marshall:  No, sir.  January 8 was
> the Monday following the arrest.  I arrested
> [Hutchinson] on a Friday, and January 8, was
> the, I guess, it was the arraignment day or
> the day they come to court right after.  I
> wasn't here . . .

Just before the Commonwealth rested, the following colloquy took place between the court and the Commonwealth's Attorney:

> Court:  I guess there was nobody there on
> the day of [January] 8th[, 2001], none of
> the officers --
>
> Commonwealth's Attorney:  No, Your Honor.
> No officers were there, it was just the
> arraignment.  The Commonwealth would just
> ask the Court to take judicial notice that
> [Hutchinson] wasn't in court on that
> particular day, January 8.
>
> Court:  All right.

Hutchinson raised no objection to the Commonwealth's request. The Commonwealth presented no other evidence relating to the failure to appear charge.

At the close of the Commonwealth's case, Hutchinson raised a motion to strike the evidence on each of the charges.  With regard to the felony failure to appear charge, Hutchinson argued the Commonwealth "did not present evidence of a witness that the defendant was not present in court at that time, and that he was released on bond to appear on that date, and I don't think they have proven that."  With regard to the assault charge, Hutchinson argued the Commonwealth failed to prove intent to

-

injure Officer Marshall.  The court dismissed the drug charges, but denied the remaining motions.  On the assault charge, the court found "[Hutchinson] intended to do what he needed to do to hurt [Officer Marshall] to get up so that he could throw his drugs under the Jeep."

Hutchinson presented no evidence, but instead renewed his motions to strike, incorporating his previous arguments.  The court found Hutchinson guilty of both charges.

## II.  ANALYSIS

On appeal, Hutchinson first argues there was insufficient evidence to sustain the conviction for failure to appear because the Commonwealth presented no evidence on the failure to appear charge and because the request for judicial notice was inadequate to establish the elements of the offense.

"Judicial notice involves the admission of a fact in evidence without proof of that fact because it is commonly known from human experience."[3]  "A trial court may take judicial notice of those facts that are either (1) so 'generally known' within the jurisdiction or (2) so 'easily ascertainable' by reference to reliable sources that reasonably informed people in the

---

[3] O'Dell v. Commonwealth, 234 Va. 672, 696 n.7, 364 S.E.2d 491, 505 n. 7 (1988).

-

community would not regard them as reasonably subject to dispute."[4]

Here, the trial court took judicial notice, without objection by Hutchinson, of the fact that Hutchinson failed to appear in court on January 8, 2001. Thus, Hutchinson's argument that the Commonwealth produced no evidence with respect to the felony failure to appear charge is without merit. Indeed, the judicial notice taken by the court was clearly a fact in evidence, which the court could rely upon in making its determination.

Hutchinson's alternative argument, that even if the court took judicial notice of that fact, it was insufficient to establish the necessary elements of the offense, specifically, notice and intent, is barred from our consideration on appeal by Rule 5A:18. During trial, Hutchinson argued only that the Commonwealth failed to produce evidence of a witness that Hutchinson was not present in court and that he was released on bond to appear on that date. Hutchinson failed to present any argument concerning his contention that the Commonwealth failed to prove the elements of the offense. "[T]hough taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the

---

[4] Taylor v. Commonwealth, 28 Va. App. 1, 7-8, 502 S.E.2d 113, 116 (1998) (quoting Ryan v. Commonwealth, 219 Va. 439, 445, 247 S.E.2d 698, 703 (1978)).

-

benefit of the lower court."[5]  We will not consider an argument on appeal which was not presented to the trial court.[6]  Accordingly, this issue is procedurally barred.

Hutchinson next contends that the trial court erred in finding the evidence sufficient as a matter of law to support the assault charge, as the Commonwealth failed to prove Hutchinson intended to cause injury to Officer Marshall.

It is fundamental that "where the sufficiency of the evidence is challenged on appeal, that evidence must be construed in the light most favorable to the Commonwealth, giving it all reasonable inferences fairly deducible therefrom."[7]

In pertinent part, Code § 18.2-57(C) provides as follows:

> [I]f any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is a law-enforcement officer as defined hereinafter . . . such person shall be guilty of a Class 6 felony, and, upon conviction, the sentence of such person shall include a mandatory, minimum term of confinement for six months which mandatory,

---

[5] West Alexandria Properties, Inc. v. First Virginia Mortg. & Real Estate Inv. Trust, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980) (citations omitted).

[6] Rule 5A:18; Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994) (issue not preserved where defendant gave different reason to support Batson claim on brief than at trial).

[7] Norman v. Commonwealth, 2 Va. App. 518, 520, 346 S.E.2d 44, 45 (1986) (citing Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)).

-

          minimum term shall not be suspended, in
          whole or in part.

     "Assault and battery, . . . requires proof of 'an overt act or an attempt . . . with force and violence, to do physical injury to the person of another,' 'whether from malice or from wantonness,' together with 'the actual infliction of corporal hurt on another . . . wil[l]fully or in anger.'"[8]

     The evidence here was sufficient for the trial judge to find beyond a reasonable doubt the elements of assault and battery. The trial judge expressly found that he disbelieved Hutchinson's testimony, finding that Hutchinson's intent was to do whatever he had to do, including cause injury to Marshall, in order to escape arrest.

     "Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case."[9]  "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."[10]

_____

     [8] Boone v. Commonwealth, 14 Va. App. 130, 132, 415 S.E.2d 250, 251 (1992) (citing Jones v. Commonwealth, 184 Va. 679, 681-82, 36 S.E.2d 571, 572 (1946); Merritt v. Commonwealth, 164 Va. 653, 658, 180 S.E. 395, 397 (1935); Wood v. Commonwealth, 149 Va. 401, 404, 140 S.E. 114, 115 (1927)).

     [9] Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979).

     [10] Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

                              -

> When facts are equally susceptible to more than one interpretation, one which is consistent with the innocence of the accused, the trier of fact cannot arbitrarily adopt an inculpatory interpretation. The fact finder, however, is entitled to draw inferences from proved facts, so long as the inferences are reasonable and justified. Furthermore, the fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts. Thus, when the fact finder draws such inferences reasonably, not arbitrarily, they will be upheld.[11]

Thus, in struggling so violently when Marshall tried to handcuff him, Hutchinson clearly acted in a manner of reckless and wanton disregard for the safety of the officer. That Hutchinson acted with an intent to escape does not prevent a finding that he also acted with a second intent, to assault and, if necessary, to batter the officer in order to effect that escape.[12] The trial court was entitled to "infer that [appellant] intend[ed] the immediate, direct, and necessary consequences of his voluntary acts."[13] The direct consequence of Hutchinson's voluntary act of struggling was to inflict physical

---

[11] Moody v. Commonwealth, 28 Va. App. 702, 706-07, 508 S.E.2d 354, 356 (1998) (citations omitted).

[12] See id. at 707-08, 508 S.E.2d at 356-57 (holding fact that perpetrator in stolen car was attempting to escape parking lot and motioned pedestrian out of his way did not preclude finding that perpetrator, who accelerated and did not swerve as he approached pedestrian, formed specific intent to run over pedestrian if he did not move).

[13] Id.

-

injury upon Marshall.  Accordingly, the circumstantial evidence was sufficient to prove Hutchinson acted with that intent.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>