COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Bray
Argued at Richmond, Virginia


DON M. COTTEE, S/K/A
 DON MEREDITH COTTEE
                                          OPINION BY
v.    Record No. 2175-98-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       FEBRUARY 22, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF KING AND QUEEN COUNTY
                     Thomas B. Hoover, Judge

          J. Terry Osborne for appellant.

          Richard B. Smith, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Don Meredith Cottee (appellant) was convicted of one count

of aggravated malicious wounding, in violation of Code

§ 18.2-51.2; one count of malicious wounding, in violation of

Code § 18.2-51; and one count of felony hit and run, in

violation of Code § 46.2-894.  On appeal, he contends (1) Code

§ 18.2-51.2 is unconstitutionally vague; (2) the evidence is

insufficient to convict him of the three charged offenses; and

(3) his prior criminal convictions occurring after the instant

offense, but for which sentencing had not taken place, should

not have been considered in determining his punishment.  For the

following reasons, we affirm.

I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).  So viewed, the evidence established that on December 6, 1997, appellant and three friends, Jeffrey Lowney, Dewey Ayers, and Chris Lowney, appeared uninvited at a party at Raymond Hall's home.  A number of fights took place at the party, but appellant was not directly involved.

After the fighting ended, appellant and his friends returned to their car that was parked in the driveway.  Appellant got into the driver's seat.  Ayers was in the front passenger seat, and Jeffrey Lowney got into the back.  A number of people from inside the house came outside to ensure that appellant and his friends left the property.

Appellant turned on the headlights and started the car.  Robert Hayden and Robert Milby were standing directly in front of the car.  Hayden thought appellant was going to reverse his car because another car was parked "maybe about six or seven feet in front of them."  After reversing the car momentarily, appellant quickly shifted gears and drove the car forward, pinning both Hayden and Milby underneath.  Hayden was trapped beneath the car with a tire on his back and the catalytic

-

converter on the side of his face.  The car was partially stuck on a railroad tie that bordered the driveway.  Appellant continued to press the gas pedal, alternating between drive and reverse.  One of the car tires spun on Hayden's back each time the car moved from drive to reverse.  The bystanders screamed at appellant to stop the car because someone was underneath, but appellant "just steadily kept stomping on the gas [pedal] trying to get away."  Ayers, who was sitting in the front passenger seat next to appellant, heard the screaming and got out of the car to help.  Eventually, guests at the party lifted the car off Hayden and Milby.  Once the victims were free, appellant reversed his car and fled the scene.

Dr. Andrea Crawford, an orthopedic surgeon, treated Hayden at the emergency room.  Hayden suffered second degree burns on the side of his face and neck, an open fracture of his tibia, and a large burn on his back.  The back wound, approximately eighteen inches long by eight inches wide, required a skin graft from his thigh.  As a result of the injury to his tibia, five millimeters of bone had to be removed and his leg was permanently shortened.  At trial, Dr. Crawford testified that Hayden's injuries to his back and leg would both be a "permanent and significant physical impairment."  Milby suffered a dislocated shoulder, a burn on his arm and a cut on his knee.

In his defense, appellant testified that he did not realize he had hit anyone when he started moving his car and did not know he hit anyone until the following day.

The trial court accepted the Commonwealth's evidence and rejected appellant's testimony. Appellant was convicted of the aggravated malicious wounding of Hayden, the malicious wounding of Milby, and felony hit and run. One week after trial, but before sentencing, appellant moved to dismiss the aggravated malicious wounding conviction, contending that Code § 18.2-51.2 was unconstitutionally vague. Appellant also argued the evidence was insufficient as a matter of law to sustain the convictions.

At the sentencing hearing, the trial court denied appellant's motion to dismiss. Prior to sentencing, appellant conceded that the sentencing guidelines were properly calculated. However, counsel urged the trial court to sentence appellant to the lower range of the guidelines because he had yet to be sentenced on two unrelated manslaughter convictions in Gloucester County and did not want to be penalized twice. The trial court sentenced appellant to a total of seventy years on the three convictions, with thirty years suspended.

II.  CONSTITUTIONALITY OF CODE § 18.2-51.2[1]

Appellant contends Code § 18.2-51.2 is unconstitutionally vague because the phrase "permanent and significant physical impairment" is not adequately defined.[2]  He argues that the wording of the statute is susceptible to various interpretations and, thus, does not allow the accused to "appreciate the gravity of the offense or the punishment."

The Commonwealth contends the statute as drafted is not unconstitutionally vague because it sufficiently describes the types of injuries required for conviction (i.e., ones that are both "permanent" in duration and "significant" in nature).  Thus, the Commonwealth concludes there "is nothing uncertain or ambiguous about Code § 18.2-51.2[ ] . . . ."  Additionally, the Commonwealth argues that appellant's constitutional challenge is

_____

[1] The Commonwealth contends appellant's constitutional challenge to Code § 18.2-51.2 is procedurally barred because the issue was not raised at trial.  However, in his post-trial motion to dismiss appellant argued the statute was unconstitutionally vague.  After considering argument by both parties, the trial court denied the motion.  Because the constitutional issue was raised and ruled upon by the trial court, we conclude it was properly preserved.

[2] Code § 18.2-51.2 provides in relevant part as follows:

> If any person maliciously shoots, stabs, cuts or wounds any other person, or by any means causes bodily injury, with the intent to maim, disfigure, disable or kill, he shall be guilty of a Class 2 felony if the victim is thereby severely injured and is caused to suffer permanent and significant physical impairment.

-

without merit because he agreed at trial that the victim had "significant" injuries and a defendant has "no standing to make a broad and general facial statutory challenge."

"'[T]he person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court.'"  Los Angeles Police Dept. v. United Reporting Publishing Corp., 120 S. Ct. 483, 489 (1999) (quoting New York v. Ferber, 458 U.S. 747, 767 (1982)).[3]  "This general rule reflects two 'cardinal principles' of our constitutional order: the personal nature of constitutional rights and the prudential limitations on constitutional adjudication."  Id. at 489.

It is well settled that a "[d]efendant has no standing to make a broad and general facial statutory challenge . . . ."  Woodfin v. Commonwealth, 236 Va. 89, 92, 372 S.E.2d 377, 379 (1988).  A litigant may challenge the constitutionality of a law only as it applies to him or her.  See Coleman v. City of Richmond, 5 Va. App. 459, 463, 364 S.E.2d 239, 241-42 (1988) (citing Grosso v. Commonwealth, 177 Va. 830, 839, 13 S.E.2d 285, 288 (1941)), reh'g denied, 6 Va. App. 296, 368 S.E.2d 298

---

[3] Exceptions to this traditional rule are First Amendment challenges based upon the overbreadth doctrine, see Gooding v. Wilson, 405 U.S. 518, 520-21 (1972), or facial attacks on the ground of vagueness when the issue touches First Amendment concerns.  See Kolender v. Lawson, 461 U.S. 352, 357-58 (1983).

(1988). "That the statute may apply unconstitutionally to another is irrelevant; one cannot raise third party rights." Id. at 463, 364 S.E.2d at 242.

At trial in the instant case, appellant conceded that Hayden's injuries would satisfy the elements of Code § 18.2-51.2. However, he argued that the statute was unconstitutional in general, stating the following:

> COURT: You're saying the entire statute is unconstitutional for being vague?
>
> [COUNSEL]: Yes, Your Honor.
>
> COURT: But you do acknowledge that this particular victim does have the significant injury that would qualify under the statute if the statute was constitutional?
>
> [COUNSEL]: Yes, Your Honor.
>
> COURT: You are just saying in general the statute is unconstitutional?
>
> [COUNSEL]: Yes, Your Honor.

Because appellant has no standing to make a broad and general facial statutory challenge, and he agreed that Hayden's injuries qualified as both "significant" and "permanent" injuries, the trial court properly denied appellant's motion to dismiss the aggravated malicious wounding conviction based solely upon his facial constitutional challenge.

### III. SUFFICIENCY OF EVIDENCE

When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light

-

most favorable to the prevailing party, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense. See Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997); Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998). "We will not reverse the judgment of the trial court, sitting as the finder of fact in a bench trial, unless it is plainly wrong or without evidence to support it." Reynolds v. Commonwealth, 30 Va. App. 153, 163, 515 S.E.2d 808, 813 (1999) (citing Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

### A. Malicious Wounding Convictions

Appellant contends the evidence was insufficient to establish that he intended to maim, disfigure, disable or kill Milby or Hayden, as required by the malicious wounding statute. He also argues the evidence failed to establish that the injuries sustained by Hayden constituted a "permanent and significant physical impairment" within the meaning of Code § 18.2-51.2. We disagree.

-

The requisite specific intent "'may, like any other fact, be shown by circumstances.  Intent is a state of mind which can be evidenced only by the words or conduct of the person who is claimed to have entertained it.'"  Moody v. Commonwealth, 28 Va. App. 702, 706, 508 S.E.2d 354, 356 (1998) (quoting Banovitch v. Commonwealth, 196 Va. 210, 216, 83 S.E.2d 369, 373 (1954)).  The fact finder is entitled to draw inferences from those facts proven to be true, so long as the inferences are reasonable and justified.  See id.  Additionally, "the fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts."  Id. at 706-07, 508 S.E.2d at 356 (citing Sandstrom v. Montana, 442 U.S. 510, 522-23 (1979); Stokes v. Warden, 226 Va. 111, 117, 306 S.E.2d 882, 885 (1983)).

In the instant case, the Commonwealth's evidence proved that appellant, who knew his car was surrounded by numerous bystanders, deliberately chose to accelerate his car forward, pinning two people underneath.  The headlights of the car were illuminated, and appellant continued to move the car forward and backward, despite the shouts of the bystanders and his passenger's exiting to help the victims.  In finding appellant guilty, the trial court noted:

> You get in the car, headlights are on.  From
> the evidence that I've heard, you back up a
> distance.  You were parked somewhat parallel
> to a railroad tie.  With the headlights on,
> you then drive at least somewhat in the

-

direction of the railroad ties.  There are people standing around the railroad ties, and most of them get out of the way, but two people you hit and run over, literally run over.

　　　*　　　*　　　*　　　*　　　*　　　*　　　*

The people wanted to get your attention, obviously, from the evidence that I've heard, to tell you that there was someone underneath your car and to quit spinning and burning the tires, that there were people underneath that car.  But you persisted trying to get away from the railroad ties and the people you had run over at a time when you weren't even supposed to be at the people's property.

. . . And the way that you drove into that group of people and went into them and over the railroad ties clearly shows to this Court the malicious nature, . . . .

We agree with the trial court's determination that these facts and circumstances were sufficient to prove beyond a reasonable doubt that appellant possessed the intent to maim, disable, disfigure or kill Milby and Hayden.

Regarding the "permanent and significant" nature of Hayden's injuries, the evidence established that the victim suffered an open fracture of his leg, second degree burns on his face and neck, as well as a large wound on his back.  The trial court viewed the scar on Hayden's back, which measured approximately eighteen inches long and eight inches wide.  Dr. Crawford testified that the scars on Hayden's back and leg were both "permanent and significant."  In finding appellant guilty, the trial judge stated the following:

-

What a horrible injury that I saw today.
And that's after a skin graft has taken
place which is a further injury to him,
where skin has to be taken from a donor site
on his thigh, further pained him, and put on
his back to try to put some kind of skin to
patch the hole that you as the driver caused
by the spinning of the tire as you burned a
hole in his back.  And you can look at that
wound and see and imagine exactly how it
would fit the pattern of the width of a tire
that is spinning and spinning and spinning
and spinning as it burns a hole in his back.

. . . [I]f there's a case of aggravated
injuries that indicate and qualify by
statute as being permanent, aggravated and
serious injuries, this is it.

Considering the nature and severity of Hayden's injuries, the
trial court was not plainly wrong when it found that Hayden
suffered from a "permanent and significant physical impairment"
within the meaning of Code § 18.2-51.2.  The Commonwealth's
evidence was competent, was not inherently incredible and was
sufficient to prove beyond a reasonable doubt that appellant was
guilty of the aggravated malicious wounding of Hayden and the
malicious wounding of Milby.

B.  Felony Hit and Run

Appellant also argues the evidence was insufficient to
establish that he violated Code § 46.2-894.  That section
provides in pertinent part:

The driver of any vehicle involved in an
accident in which a person is . . . injured
. . . shall immediately stop . . . and
report his name, address, driver's license
number, and vehicle registration number
forthwith . . . .  The driver shall also

-

render reasonable assistance to any person injured in such accident, including taking such injured person to a physician, surgeon, or hospital if it is apparent that medical treatment is necessary or is requested by the injured person.

In order to be guilty of violating the statute, "'the driver must be aware that harm has been done; it must be present in his mind that there has been an injury; and then, with that in his mind, he must deliberately go away without making himself known.'" Johnson v. Commonwealth, 14 Va. App. 769, 772, 418 S.E.2d 730, 731 (1992) (quoting Herchenbach v. Commonwealth, 185 Va. 217, 220, 38 S.E.2d 328, 329 (1946)). "If an injury is inflicted under such circumstances as would ordinarily superinduce the belief in a reasonable person that injury would flow, or had flowed, from the accident or collision, then it is the duty of the operator to stop his vehicle." Id.

To establish the knowledge element of the offense, "the Commonwealth must prove that the defendant possessed actual knowledge of the occurrence of the accident, and such knowledge of injury which would be attributed to a reasonable person under the circumstances of the case." Kil v. Commonwealth, 12 Va. App. 802, 810-11, 407 S.E.2d 674, 679 (1991) (interpreting former Code § 46.1-176).

Viewed in the light most favorable to the Commonwealth, the evidence established that appellant got into his car, started the engine and "revved" it, put it into reverse and then quickly

-

shifted gears and drove forward into the two victims. Several bystanders were shouting that people were trapped under the car and Ayers, one of the passengers, got out to assist in moving the car off the trapped men. The facts show that appellant knew the accident occurred and knew or should have known of the victims' injuries. The trial court rejected appellant's testimony that he was unaware that he caused any injury and that remaining at the scene of the accident would have placed his own personal safety at risk. The Commonwealth's evidence was competent, was not inherently incredible and was sufficient to prove beyond a reasonable doubt that appellant violated Code § 46.2-894.

## IV. SENTENCING

Finally, appellant contends the trial court erroneously considered two manslaughter convictions that occurred after the instant offense, but for which sentencing had not taken place, in determining the appropriate sentencing guidelines. Therefore, appellant argues, he was subject to an enhanced punishment in violation of the Fifth Amendment's Double Jeopardy Clause.

At trial, appellant conceded that the sentencing guidelines properly included the subsequent convictions from Gloucester County. The following colloquy occurred:

> COURT: Shouldn't both courts have his
> entire record before each court. Shouldn't
> I know he has had other problems in

-

Gloucester and shouldn't Gloucester know he has had problems in King and Queen?

[COUNSEL]: Yes, Your Honor, but I submit to the Court that the Court should also consider the fact that these other offenses occurred after this offense and he has not been sentenced . . . for those . . . .

\*    \*    \*    \*    \*    \*    \*

COURT: Well, under the Virginia sentencing guidelines suggested procedures, has anything been done in this report that is not in accordance with those procedures?

[COUNSEL]: No, Your Honor, we acknowledge that the prior conviction without sentencing would be appropriate on the sentencing guidelines.

COURT: And have the sentencing guidelines then, in your opinion, been prepared correctly and according to the Virginia sentencing guidelines procedures?

[COUNSEL]: Yes, Your Honor, they have been.

Having agreed to the trial court's use of the two prior convictions, appellant's argument is barred on appeal. See Rule 5A:18; see also Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994) (holding that an appellate court will not consider an argument on appeal different from one raised at trial even if it is related to the same issue). Additionally, the record does not show affirmatively that a miscarriage of justice occurred and, therefore, provides insufficient grounds for invocation of the ends of justice exception. See Thomas v. Commonwealth, 18 Va. App. 656, 659, 446 S.E.2d 469, 471 (1994) (en banc) (holding that the sentencing judge may consider

-

"offenses for which the defendant has been convicted but not sentenced"); see also United States v. Watts, 519 U.S. 148, 153-54 (1997) (noting that the federal sentencing guidelines "direct[ ] sentencing courts to consider all other related conduct, whether or not it resulted in a conviction").

For the foregoing reasons, appellant's convictions are affirmed.

Affirmed.

-