COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bumgardner and Frank


DEXTER JOSEPH SUMMERS

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1797-99-3        JUDGE RUDOLPH BUMGARDNER, III
                                         JUNE 20, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PAGE COUNTY
                 John J. McGrath, Jr., Judge

          (H. Webb Hudson, Jr., on brief), for
          appellant. Appellant submitting on brief.

          (Mark L. Earley, Attorney General; Shelly R.
          James, Assistant Attorney General, on brief),
          for appellee. Appellee submitting on brief.


     The trial court convicted Dexter Joseph Summers of

malicious wounding. He contends that the evidence was

insufficient. Finding no error, we affirm.

     When a defendant challenges the sufficiency of the

evidence, we examine the evidence that tends to support the

conviction and allow it to stand unless it is plainly wrong or

unsupported by the evidence. We also view the evidence and all

reasonable inferences in the light most favorable to the

Commonwealth. See Commonwealth v. Presley, 256 Va. 465, 466,

507 S.E.2d 72, 72 (1998) (citations omitted).

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

The defendant and the victim were inmates at the Page County Jail housed in the same cellblock. Several inmates told the defendant that the victim was an informer and yelled, "get him, get him." The defendant walked over to the victim, who sat by himself, and said, "I don't like snitches." He struck the victim in the head with a plastic coffee cup inflicting a cut that required five stitches. The attack was unprovoked.

In order to convict the defendant of malicious wounding, the Commonwealth must prove he maliciously cut or wounded the victim, or by any means caused bodily injury, with the intent to maim, disfigure, disable, or kill the victim. See Code § 18.2-51. The defendant concedes that his act was voluntary and intentional, but he argues that he did not intend to wound maliciously because he did not expect the victim to be seriously injured by one blow with a plastic cup.

"[I]ntent is the purpose to use a particular means to effect a definite result." Banovitch v. Commonwealth, 196 Va. 210, 218, 83 S.E.2d 369, 374 (1954). "The nature and extent of the bodily injury and the means by which [it is] accomplished may reflect this intent but are not exclusive factors." Campbell v. Commonwealth, 12 Va. App. 476, 483, 405 S.E.2d 1, 4 (1991) (en banc) (court could infer that defendant intended to disfigure or disable child by repeatedly striking with leather belt despite defense of poor parenting skills). The requisite intent may be proven from circumstances, which include the

-

defendant's conduct and statements.  See Banovitch, 196 Va. at 216, 83 S.E.2d at 373; Campbell, 12 Va. App. at 484, 405 S.E.2d at 4.

Here, the defendant struck the victim above the temple with a plastic coffee cup.  The victim did not provoke the attack.  Inmates were encouraging the defendant to get the victim because he was a snitch, and before striking, the defendant stated that he did not like snitches.  The blow to the head was sufficient to break the cup, inflict a cut to the head, and require stitches to close.

While the defendant claims the use of a plastic cup was innocuous, it was an issue of fact whether it was innocuous or was an effective weapon when used as it was.  Inmates do not have ready access to weapons, but a plastic vessel can break or shear into an effective cutting implement.  The finder of fact could reasonably infer that the defendant employed the plastic cup to enhance the blow he intended to strike and that he intended the cup to break and become a cutting weapon.  "The fact finder is entitled to draw inferences from those facts proven to be true, so long as the inferences are reasonable and justified."  Cottee v. Commonwealth, 31 Va. App. 546, 555, 525 S.E.2d 25, 30 (2000) (citation omitted).  "'[T]he finder of fact may [also] infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts.'"  Id.

-

(citations omitted).  See Campbell, 12 Va. App. at 484, 405 S.E.2d at 4.

We conclude the evidence is sufficient to support the finding that the defendant maliciously struck the victim with the intent to maim, disfigure, disable, or kill him. Accordingly, we affirm the conviction.

Affirmed.

-