COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Felton and Kelsey
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
v.    Record No. 1550-02-2        JUDGE WALTER S. FELTON, JR.
                                       OCTOBER 28, 2002
DENISE DUMONT


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Herbert C. Gill, Jr., Judge

Susan M. Harris, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellant.

Esther J. Windmueller for appellee.


The Commonwealth appeals the judgment of the trial court

granting Denise Dumont's motion to dismiss. The Commonwealth

contends that the trial court erred in finding that the language

"clear and significant violation" renders Code § 18.2-49.1(A)

unconstitutionally vague. For the following reasons, we reverse

the judgment of the trial court and remand for further proceedings

consistent with this opinion.

I.   BACKGROUND

D.D., who was twelve years old at the time of these events,

is the subject of a custody and visitation order originally

entered by the Circuit Court of Kane County, Illinois. The

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Illinois court granted Robert Dumont the physical custody of D.D. on January 20, 2000.

On November 27, 2000, the Chesterfield County Juvenile and Domestic Relations District Court amended the Illinois order. The amended order required that any contact between Ms. Dumont and D.D. be supervised by D.D.'s father, Mr. Dumont.

On June 14, 2001, D.D. traveled to Illinois to visit her grandmother. While she was there, on June 27, 2001, Ms. Dumont sought an emergency protective order in the Kane County (Illinois) Circuit Court to gain custody of D.D. Ms. Dumont alleged that D.D. had reported to her that Mr. Dumont had grabbed her hair and kicked her. The alleged physical altercation occurred approximately eight months prior to Ms. Dumont initiating the action in the Kane County Circuit Court in Illinois. Ms. Dumont contacted social services in Florida.[1] The Florida social services department investigated the allegations and determined that they were unfounded. The Kane County Circuit Court denied Ms. Dumont's request for an emergency protective order.

Following the Illinois court's refusal to grant Ms. Dumont's request, she took D.D. from her grandmother's house in Illinois and absconded with her to Wisconsin. She thereafter

---

[1] Mr. Dumont was a resident of Florida at that time and continues to be so as of this hearing.

-

refused to tell Mr. Dumont where D.D. was located and refused to return her to Mr. Dumont as required by the amended court order.

On July 9, 2001, Mr. Dumont obtained a parental abduction warrant asserting that Ms. Dumont violated the court order by taking D.D. from her grandmother's house, absconding with the child to Wisconsin, refusing to return D.D. to him, and refusing to tell him where D.D. was located.  Ms. Dumont was charged with parental abduction in violation of Code § 18.2-49.1(A).

Prior to trial, Ms. Dumont filed a motion to dismiss the charges against her, alleging that Code § 18.2-49.1(A) was unconstitutionally vague.  On April 30, 2002, the Circuit Court of Chesterfield County granted Ms. Dumont's motion, declaring Code § 18.2-49.1(A) unconstitutionally void for vagueness.  The Commonwealth appeals the judgment of the trial court.

## II.  ANALYSIS

"All actions of the General Assembly are presumed to be constitutional.  Thus, courts will declare an enactment unconstitutional only when it clearly is repugnant to some provision of either the state or federal constitution."  Hess v. Snyder Hunt Corp., 240 Va. 49, 52-53, 392 S.E.2d 817, 820 (1990).  "[E]very presumption is to be made in favor of an act of the legislature, and it is not to be declared unconstitutional except where it is clearly and plainly so."  Peery v. Board of Funeral Directors & Embalmers, 203 Va. 161, 165, 123 S.E.2d 94, 97 (1961).

-

It is well settled that "'the person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court.'"  Cottee v. Commonwealth, 31 Va. App. 546, 553, 525 S.E.2d 25, 29 (2000) (quoting Los Angeles Police Dept. v. United Reporting Publishing Corp., 528 U.S. 32, 38 (1999)).  "This general rule reflects two 'cardinal principles' of our constitutional order:  the personal nature of constitutional rights and the prudential limitations on constitutional adjudication."  Cottee, 31 Va. App. at 553, 525 S.E.2d at 29.

> [A] "[d]efendant has no standing to make a broad and general facial statutory challenge . . . ."  Woodfin v. Commonwealth, 236 Va. 89, 92, 372 S.E.2d 377, 379 (1988).  A litigant may challenge the constitutionality of a law only as it applies to him or her.  See Coleman v. City of Richmond, 5 Va. App. 459, 463, 364 S.E.2d 239, 241-42 (1988).

Id. at 554, 525 S.E.2d at 29.  If the law "implicates no constitutionally protected conduct, [then a court] should uphold the challenge only if the enactment is impermissibly vague in all of its applications.  A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others."  Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982).

-

The narrow question in this case is whether Code § 18.2-49.1(A) is vague as applied to Ms. Dumont's conduct.[2] Woodfin, 236 Va. at 92, 372 S.E.2d at 379. Code § 18.2-49.1(A) states:

> Any person who knowingly, wrongfully and intentionally withholds a child from the child's custodial parent in a clear and significant violation of a court order respecting the custody or visitation of such child, provided such child is withheld outside of the Commonwealth, is guilty of a Class 6 felony.

(Emphasis added.)

A two-pronged test is used to determine whether this statute is unconstitutionally vague. A penal statute is void for vagueness if it (1) fails to give a person of ordinary intelligence notice that his contemplated conduct is forbidden by the statute, and (2) encourages selective prosecution. Woodfin, 236 Va. at 92, 372 S.E.2d at 379. As applied to Ms. Dumont, Code § 18.2-49.1(A) survives the constitutional challenge.

The evidence in the limited record before us indicates that Ms. Dumont was a party to the court order regulating custody and visitation of D.D. She twice sought, but failed, to have its terms amended. Approximately December of 2000, she filed a

---

[2] Code § 18.2-49.1(B), which deals with intrastate violations of a child custody or visitation court order, contains the same "clear and significant violation" language. Subsection (B) is not directly at issue in the case before us.

-

complaint with social services in Florida against Mr. Dumont for allegedly abusing D.D. An investigation was conducted, and the allegations were deemed unfounded. Having proceeded through the system in Florida and failing to gain custody of D.D., she once again attempted to gain custody in Illinois.

On June 14, 2001, D.D. arrived in Illinois to visit her grandmother. On June 27, 2001, Ms. Dumont filed for an emergency protective order in the Circuit Court of Kane County, Illinois, alleging that D.D. was being abused. The circuit court denied the emergency protective order and recognized the continuing validity of the Virginia court order. Upon the denial, Ms. Dumont resorted to self-help, taking D.D. from her grandmother's house in Illinois and absconding with her to Wisconsin. In violation of the court order, she subsequently refused to tell Mr. Dumont where D.D. was located and refused to return her to his custody.

Being a party to the Virginia court order and being present when the Illinois court recognized the validity of that order, Ms. Dumont clearly knew her conduct was prohibited. The trial court below explicitly recognized that fact, stating in its decision, "Clearly, the defendant's actions constitute a violation of the November 27, 2000 order of the Chesterfield Juvenile and Domestic Relations [District] Court." Ms. Dumont had more than "fair notice" that the conduct she intentionally undertook violated the terms of the court order. Because the

-

terms of the court order were themselves clear and certain, there is no significant opportunity for those who were charged with the enforcement of the particular court order to act in an arbitrary manner.

In holding that Ms. Dumont lacks standing to challenge the constitutionality of Code § 18.2-49.1(A) as applied to her, we need not address the facial constitutional challenge.

The judgment of the trial court finding Code § 18.2-49.1(A) unconstitutional is reversed and the case remanded to the trial court for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>