COURT OF APPEALS OF VIRGINIA


Present: Judges Clements, Agee[*] and Felton
Argued at Richmond, Virginia


JEMOND TAVARES TOWNES

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 0577-02-2        JUDGE WALTER S. FELTON, JR.
                                         APRIL 1, 2003
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                    Thomas V. Warren, Judge

           Marc R. Amos (Amos & Amos, PLLC, on brief),
           for appellant.

           Donald E. Jeffrey, III, Assistant Attorney
           General (Jerry W. Kilgore, Attorney General,
           on brief), for appellee.


     Jemond Townes was convicted in a bench trial for unlawful

wounding, in violation of Code § 18.2-51.  On appeal, he contends

the evidence was insufficient to prove beyond a reasonable doubt

that he acted with the requisite intent to maim or disable.  We

affirm the judgment of the trial court.

_____

     * Justice Agee participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

     ** Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I. BACKGROUND[1]

On the evening of February 6, 2001, Juvenile Corrections Officer Hasan Brown was involved in a melee with several cadets (juvenile inmates) at the Beaumont Juvenile Correction Center ("BJCC"). BJCC personnel present during the melee, in addition to Officer Brown, included Lieutenant L.V. Gates, Officer Patterson, and Sergeant Degrate. Jemond Townes and three other male inmates, McQuilla, Williams, and Gulley, refused to go to their rooms at the designated 9:30 p.m. bedtime. When the inmates became rowdy, officers attempted to restrain them. Williams and Gulley attacked Officer Brown, knocking him to the floor.

Once on the floor, Williams and Gulley began punching and kicking Officer Brown. They struck him in the ribs, and one of the two inmates attempted to choke him. Officer Patterson proceeded to assist Officer Brown and began wrestling with Gulley. As a result, Officer Brown was able to regain his feet. He continued struggling with Williams.

While Officer Brown continued his struggle to restrain Williams, Townes approached Officer Brown, grabbed him, lifted him slightly off the floor, and "hip-tossed" him to the floor. When he was tossed to the floor, Officer Brown landed on the

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

service radio located on his belt.  As a result of the melee, he sustained bruised right ribs, a left bruised kidney, and multiple bruises on his back.  Officer Brown missed two months of work due to the injuries he sustained from the attack.

At trial, Townes testified in his own behalf.  He intimated that when he picked up Officer Brown, his intent was not to hurt him.  Townes stated his intent was to put Officer Brown on the table located in the room in order to calm him down, but he missed the table and fell on the floor.

The trial court found Townes guilty of unlawful wounding, in violation of Code § 18.2-51.

## II.  <u>ANALYSIS</u>

Townes contends that the evidence was insufficient to convict him of unlawful wounding.[2]  We disagree.

> When a defendant challenges on appeal the sufficiency of the evidence to sustain his conviction, it is the duty of an appellate court to examine the evidence that tends to support the conviction and to permit the conviction to stand unless the conviction is plainly wrong or without evidentiary support.  If there is evidence to support the conviction, an appellate court is not permitted to substitute its own judgment for that of the finder of fact, even if the appellate court might have reached a different conclusion.

---

[2] The unlawful wounding statute, Code § 18.2-51, states in pertinent part that if a person unlawfully "shoot[s], stab[s], cut[s], or wound[s] any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall . . . be guilty of a . . . Class 6 felony."

-

Additionally, upon appellate review, the evidence and all inferences reasonably deducible therefrom must be examined in the light most favorable to the Commonwealth, the prevailing party in the trial court. Any evidence properly admitted at trial is subject to this review.

Conrad v. Commonwealth, 31 Va. App. 113, 123, 521 S.E.2d 321, 326 (1999) (quoting Commonwealth v. Presley, 256 Va. 465, 466-67, 507 S.E.2d 72, 72 (1998)).

Townes argues that the evidence was insufficient to prove his guilt because there was no evidence of a weapon being used and his assault of Officer Brown was not otherwise "attended with such circumstances of violence and brutality" that the requisite intent to maim, disfigure, disable or kill could be reasonably inferred by the trial court. Fletcher v. Commonwealth, 209 Va. 636, 640-41, 166 S.E.2d 269, 273 (1969). We disagree.

"[I]ntent is the purpose to use a particular means to effect a definite result." Banovitch v. Commonwealth, 196 Va. 210, 218, 83 S.E.2d 369, 374 (1954). "The nature and extent of the bodily injury and the means by which [it is] accomplished may reflect this intent but are not exclusive factors." Campbell [v. Commonwealth], 12 Va. App. [476,] 483, 405 S.E.2d [1,] 4 [(1991) (en banc)]. The requisite intent may be proven from circumstances, which include the defendant's conduct. See id. at 484, 405 S.E.2d at 4; Banovitch, 196 Va. at 216, 83 S.E.2d at 373. "The fact finder is entitled to draw inferences from those facts proven to be true, so long as the inferences are reasonable and justified." Cottee v. Commonwealth, 31 Va. App. 546, 555, 525 S.E.2d 25, 30 (2000) (citation omitted).

-

<u>Luck v. Commonwealth</u>, 32 Va. App. 827, 832, 531 S.E.2d 41, 43 (2000).

The record indicates Officer Brown was involved in an altercation with two juvenile inmates who knocked him to the floor and proceeded to attack him.  When he returned to his feet, Lt. Gates observed Townes "get out of his seat and go over and slam [Officer Brown].  He lifted that officer up -- and not high -- and grabbed him . . . and slammed him to the floor."  Officer Brown landed on the radio located on his waistband.  He suffered bruised ribs, a bruised kidney, and multiple bruises on his back.  Officer Brown missed two months of work.

Townes testified that he did not intend to harm Officer Brown, but that his intent was to calm Officer Brown down by setting him down on a table that was located in the room.

In rendering its decision, the trial court stated:

> Mr. Townes, I believe the testimony of Mr. Brown and I believe the testimony of the Virginia State Trooper and I believe the testimony of Lt. Gates.  And I do not believe your testimony.  This is a case of three inmates - - or four - - trying to take over a situation and putting themselves in charge.  And I don't believe you.
>
> I find you guilty of unlawful wounding.  And I think you clearly wounded that man and you intended to disable him with the intent to take him out.  You are guilty of that.

In its role of judging witness credibility, the trial court is entitled to disbelieve the self-serving testimony of Townes and conclude that he was lying to conceal his guilt.  Moreover, the

-

trial court could reasonably conclude as inconceivable and incredulous, the claim that a person would use a hip-toss, thereby resulting in the "slamming" of another to the floor, as a means of calming that other person.  The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  See Mughrabi v. Commonwealth, 38 Va. App. 538, 547-48, 567 S.E.2d 542, 546 (2002).

Based on the attendant circumstances, the evidence was sufficient for the trial court to conclude that Townes attacked Officer Brown with the intent to maim or disable him.  The judgment of the trial court is affirmed.

The Court notes that the final sentencing order entered by the trial court erroneously reflects that Townes was found guilty of malicious wounding.  Accordingly, this case is remanded to the trial court for the sole purpose of amending the final order to reflect that Townes was found guilty of unlawful wounding.

Affirmed and remanded.

-