COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Chafin and Senior Judge Coleman
Argued at Richmond, Virginia

UNPUBLISHED

TYRONE L. HARRIS

v.       Record No. 1637-13-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE SAM W. COLEMAN III
DECEMBER 16, 2014

FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
Leslie M. Osborn, Judge

Mark Mokris for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Tyrone L. Harris was convicted following a bench trial of abduction, attempted murder,

robbery, and aggravated malicious wounding. On appeal, Harris contends the evidence is

insufficient to support his conviction for aggravated malicious wounding because the evidence

failed to establish the victim suffered a permanent injury or disfigurement.[1] For the reasons that

follow, we disagree and affirm the trial court's decision.

BACKGROUND

In reviewing the sufficiency of the evidence on appeal, we examine the record in the light

most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In his petition for appeal, appellant asserted that the evidence was insufficient to support all four of his convictions. However, we granted the appeal only as to the aggravated malicious wounding conviction. We thus limit our analysis to this issue and do not address appellant's other convictions. See Parker v. Commonwealth, 42 Va. App. 358, 373, 592 S.E.2d 358, 366 (2004) (recognizing that we will only consider "those arguments presented in the petition for appeal and granted by this Court").

therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).
The judgment of a trial court will be disturbed only if plainly wrong or without evidence to
support it. See id. The credibility of a witness, the weight accorded the testimony, and the
inferences to be drawn from proven facts are matters to be determined by the fact finder. See
Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

So viewed, the evidence proved that on July 16, 2012, Donna Lynn Morris arranged to
purchase marijuana from appellant. Appellant asked her to meet him alone at a rural intersection
not far from Morris' house. Morris agreed and carried ten dollars with which to purchase the
drugs. She testified that when she arrived, appellant indicated he had thrown the marijuana into
the woods. Morris agreed to help appellant search for it. Appellant led Morris into the woods
and away from the road. While Morris looked down at her telephone, appellant struck her in the
head with a rock and she lost consciousness.

When she regained consciousness, she realized that she had been moved some distance
from where she had been struck. She was lying in a gully behind a pile of rocks surrounded by
underbrush approximately twenty feet from where she had been struck. She also noted that a
ring had been removed from her finger and that her phone and cash were missing. She staggered
from the site and reached a neighbor's house. The neighbor called for emergency help.

Morris was treated at a hospital for her wounds. She explained she received thirteen
staples to close a gash above her left temple. She noted the wound was still visible, that her hair
had not grown back in the injured area, and that she still had a knot on her head. Morris also
testified she has been experiencing severe headaches almost daily since the attack. She
previously had not suffered from such severe head pain.

ANALYSIS

Appellant argues the evidence was insufficient to support his conviction for aggravated malicious wounding because the victim suffered only "a cosmetically hidden injury" and because no medical evidence proved the cause or permanency of her headaches.[2]

When faced with a challenge to the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence' to support it." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). A reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original). We ask only whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447. "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Id. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

Code § 18.2-51.2(A) provides:

> If any person maliciously shoots, stabs, cuts or wounds any other person, or by any means causes bodily injury, with the intent to

---

[2] To the extent appellant argues on appeal that Code § 18.2-51.2 is vague as applied to him, he neither included this argument in this assignment of error nor presented this issue to the trial court. Accordingly, we do not address this argument. Pursuant to Rule 5A:20(c), this Court considers only the issues set forth in the assignments of error. Additionally, "[a]s a precondition to appellate review, Rule 5A:18 requires a contemporaneous objection in the trial court to preserve the issue on appeal." Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005).

> maim, disfigure, disable or kill, he shall be guilty of a Class 2 felony if the victim is thereby severely injured and is caused to suffer permanent and significant physical impairment.

Under Code § 18.2-51.2, a "physical impairment" is "'any physical condition, anatomic loss, or cosmetic disfigurement.'" Lamm v. Commonwealth, 55 Va. App. 637, 644, 688 S.E.2d 295, 298 (2010) (quoting Newton v. Commonwealth, 21 Va. App. 86, 90, 462 S.E.2d 117, 119 (1995)). Under the plain language of the statute, the physical impairment must be permanent *and* significant. See Kozmina v. Commonwealth, 281 Va. 347, 349, 706 S.E.2d 860, 862 (2011) ("'When the language of a statute is unambiguous, we are bound by the plain meaning of that language.'" (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007))). Appellant concedes the scarring from the wound is permanent, but argues the victim's "cosmetically hidden injury" did not rise to a "significant physical impairment."

This Court has found visible scars to be "permanent and significant" impairments, Newton, 21 Va. App. at 90, 462 S.E.2d at 119, as well as scars connected with nerve damage, Martinez v. Commonwealth, 42 Va. App. 9, 24-25, 590 S.E.2d 57, 64 (2003), and also scarring that is not visible during ordinary daily activities, Cottee v. Commonwealth, 31 Va. App. 546, 557, 525 S.E.2d 25, 30 (2000).

Here, the trial court viewed the victim's scarring almost a year after the attack. The court also heard evidence regarding the extent of the victim's injuries and the means required to treat them. The trial judge specifically noted he "could easily see that [the victim] had a serious injury to [her head] and has a permanent scar with regard to that."

Citing Newton, appellant contends, however, that "[w]hile cosmetic disfigurement caused by bodily injury can stand alone as a reason to sustain an aggravated malicious wounding, case law indicates that unless there is an additional permanent injury then the disfigurement must be

- 4 -

'obvious and visible.'" Appellant misconstrues this Court's holding in Newton. In Newton, we observed that the trial court, in convicting Newton of aggravated malicious wounding, made a finding that five months after the attack the victim's scarring was still "'obvious and visible.'" Newton, 21 Va. App. at 90, 462 S.E.2d at 119. However, this language, used by the trial court in that case, was not adopted as an additional element which must be proven to support an aggravated malicious wounding conviction where the physical impairment at issue is permanent scarring, as appellant appears to suggest. Rather, in Newton, we held simply that "[t]he trial court reasonably could have found from the number of wounds, the need for stiches for some of them, and the resulting scars, still visible after five months, that [the victim's] injuries constituted 'permanent and significant physical impairment.'" Id. Whether a victim's scarring is "obvious and visible" is merely one factor the finder of fact may consider in determining whether the victim has suffered a permanent and significant physical impairment resulting from a serious injury. Neither this Court nor the Supreme Court of Virginia has held that a victim's scars must be "obvious and visible" in order to support a conviction for aggravated malicious wounding. Here, the evidence of Morris' scars and of the treatment she received for her injuries provided the trial court with sufficient evidence to conclude appellant caused Morris to suffer "permanent and significant physical impairment" as required by Code § 18.2-51.2(A).

Appellant further asserts that because "the causal nature of headaches are not discernable and visible in the sense that they would be readily observable to a normal person[,] expert [medical] testimony should be required." However, because we find the victim's head injuries and scarring constituted permanent and significant physical impairment, we need not decide whether the evidence proved her headaches contributed to her permanent and significant physical impairment.

In summary, the record supports the trial court's determination that Morris' physical impairment was "permanent and significant."  Almost a year after the attack, Morris' scarring was still readily visible to the trial court.  The trial court reasonably found from the need for thirteen staples and the resulting visible scarring that appellant severely injured Morris and that she was caused to suffer "permanent and significant physical impairment."  We, therefore, affirm appellant's aggravated malicious wounding conviction.

<u>Affirmed.</u>