COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Huff and Athey
Argued at Norfolk, Virginia

UNPUBLISHED

GARRETT R. SALLEY

MEMORANDUM OPINION* BY
v.      Record No. 1339-18-1      JUDGE GLEN A. HUFF
                                  NOVEMBER 19, 2019
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

Anthony J. Balady Jr., Assistant Public Defender, for appellant.

Timothy J. Huffstutter, Assistant Attorney General (Mark R.
Herring, Attorney General; John I. Jones, IV, Assistant Attorney
General, on brief), for appellee.


Garrett Salley ("appellant") appeals his conviction for attempted disarming of a law

enforcement officer. After a bench trial in the Circuit Court for the City of Hampton, appellant

was convicted of attempting to disarm a law enforcement officer in violation of Code

§§ 18.2-57.02 and 18.2-26,[1] disorderly conduct in violation of Code § 18.2-415, and abusive

language in violation of Code § 18.2-416. The trial court sentenced appellant to twelve months'

incarceration with twelve months suspended on the attempted disarming a law enforcement

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Although the sentencing order reflects a conviction for the completed crime of
disarming an officer, the record makes clear that the trial court granted the Commonwealth's
motion to amend the indictment to an attempt and that the officer's firearm was never removed
from her holster. The Commonwealth concedes that the sentencing order is incorrect, but notes
that both the attempt and completed crime are Class 6 felonies, making the error harmless.
Nevertheless, this Court remands for correction of the obvious scrivener's error. See Code
§ 8.01-428(B); Tatum v. Commonwealth, 17 Va. App. 585, 592-93 (1994).

officer charge, twelve months with twelve months suspended on the disorderly conduct charge, and a $500 fine on the abusive language charge. Appellant only challenges his conviction for attempted disarming of a law enforcement officer on appeal.

Appellant raises two assignments of error challenging the sufficiency of the evidence. First, he argues the Commonwealth was required, and failed, to demonstrate that the officer's "service pistol" was a firearm, that is, a device which is "designed or intended to expel a projectile by action of an explosion of a combustible material." Second, appellant argues there was insufficient evidence that he committed an overt act with the intent to disarm the officer.

This Court disagrees. The officer's testimony supports the conclusion her weapon was a firearm and that appellant intentionally grabbed it while intending to disarm her. First, she testified it was a firearm and her "service pistol." Second, the officer testified that she told appellant to let go several times when he grabbed her "service pistol" and that he first denied, then later admitted, grabbing her firearm.

## I. BACKGROUND

"This Court considers 'the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below.'" Hawkins v. Commonwealth, 64 Va. App. 650, 652 (2015) (quoting Bolden v. Commonwealth, 275 Va. 144, 148 (2008)). So viewed the evidence is as follows.

Appellant crashed his vehicle into a telephone pole. By the time Officer Bohner of the Hampton Police Department arrived, appellant had left the vehicle. Appellant then returned and informed Officer Bohner he had been the driver. After he gave his name, Officer Bohner attempted to look up his information in the National Crime Information Center database. She did not get a result. When she followed up asking if his license was from another state or in another name, "he became belligerent." After he provided his name and date of birth to firefighters,

Officer Bohner was able to confirm he had actually given her a correct name. She instructed appellant to calm down. When he continued to yell, she arrested him for disorderly conduct and handcuffed him with his hands behind his back.

At appellant's request, Officer Bohner transported appellant to a medical facility to be examined by a doctor. As they arrived at the facility, appellant was still acting belligerently. When Officer Bohner attempted to guide appellant into the building, he "broke free of [her] hold." She attempted to physically restrain him to get him into the building, and he responded by saying "fight me, bitch."

Appellant attempted to break free a second time. As Officer Bohner attempted to regain control by pushing him against a wall, appellant tried to turn around to face her. She then felt appellant attempt to remove her weapon from its holster: "I felt pressure on my . . . service pistol, like somebody was trying to lift it up." The weapon never fully came out of the holster. During trial, she testified the weapon was her "state issued firearm," and stood and pointed to it in its holster on her belt so the trial court could see it.

They continued to struggle, though only for "seconds," and Officer Bohner told him to "let go" twice. She was then able to force appellant to the ground. Other officers quickly arrived to assist her.

While appellant was in the facility, Officer Bohner told appellant he "tr[ied] to grab [her] weapon." He denied it. Later, as she drove him to jail, he admitted he grabbed her firearm: "I did grab what you said I grabbed. I'm not going to lie."

At the conclusion of the evidence appellant moved to strike. The trial court denied the motion[2] and convicted appellant. This appeal followed.

---

[2] The trial court granted the motion to strike as to appellant's reckless driving charge and the attempt to flee charge.

## II. STANDARD OF REVIEW

"We apply a de novo standard of review when addressing a question of statutory construction." Jordan v. Commonwealth, 286 Va. 153, 156 (2013). "When the sufficiency of the evidence is challenged on appeal, '"we presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it."'" Stevens v. Commonwealth, 46 Va. App. 234, 248 (2005) (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257 (2003) (*en banc*)), aff'd, 272 Va. 481 (2006). This Court "determine[s] whether the evidence, viewed in the light most favorable to the prevailing party, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Cottee v. Commonwealth, 31 Va. App. 546, 554-55 (2000). This Court "must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Id. at 555 (quoting Watkins v. Commonwealth, 26 Va. App. 335, 349 (1998)).

## III. ANALYSIS

Appellant raises two challenges to the sufficiency of the evidence to support his conviction. First, he argues the Commonwealth failed to establish the officer's "service pistol" was a firearm because it did not establish that the pistol was an object "designed or intended to expel a projectile by action of an explosion of a combustible material." Second, he argues the Commonwealth's evidence did not establish he intended to grab the officer's pistol with the intent to disarm her. He claims her service belt had a dozen items on it and his hands were cuffed behind him, making it impossible for him to know he was grabbing her firearm. This Court disagrees.

- 4 -

A. The officer's "service pistol" was a firearm.

Code § 18.2-57.02 prohibits disarming a law enforcement officer. If the weapon taken from the law enforcement officer is "the officer's firearm or stun weapon as defined in § 18.2-308.1," the offense is a Class 6 felony. Code § 18.2-57.02 does not otherwise define the term "firearm." Appellant argues that "as defined in § 18.2-308.1" should import the definition "designed or intended to expel a projectile by action of an explosion of a combustible material" from Code § 18.2-308.1(B) for purposes of the disarming statute. He then argues that because the officer never said more about her weapon other than that it was a firearm, her testimony was insufficient to establish it was "designed or intended to expel a projectile by action of an explosion of a combustible material."

Even if this Court were to assume, without deciding, that a "firearm" is defined as appellant argues, the officer's testimony was sufficient to establish that her "service pistol" was a firearm. Neither this Court, nor the Supreme Court, has ever required "the Commonwealth to present *specific testimony* that the object was designed, made, and intended to fire or expel a projectile by means of an explosion." Speller v. Commonwealth, 69 Va. App. 378, 395 (2018). Rather, "[w]hether the object is a firearm that was designed, made, and intended to fire or expel a projectile by means of an explosion is a question of fact that may be proven by circumstantial evidence." Id.

Here, the officer testified that what appellant grabbed was her "service pistol" and her "state-issued firearm." While testifying she also stood and pointed to the weapon in her holster and indicated the weapon grabbed by appellant was the same one that she possessed in the courtroom. To hold that this evidence, including the trial court's opportunity to view the weapon

- 5 -

in the courtroom,[3] was insufficient, this Court would have to assume that the Hampton Police Department equipped Officer Bohner with something other than a real service pistol and that Officer Bohner, as a sworn law enforcement officer, with the training that entails, was unable to determine that she had been issued a fake firearm.[4] The trial court was not required to accept such a fanciful proposition. Therefore, the trial court did not err in denying the motion to strike.

## B. Sufficient Evidence of Intent

In his second assignment of error, appellant argues that the evidence was insufficient to establish he committed an overt act with the intent of disarming the officer. Appellant argues both that the evidence did not establish that he committed any overt act and that it failed to establish he intended to disarm the officer. He argues the officer never saw his hands touch her weapon. Moreover, he asserts that his confession, "I did grab what you said I grabbed" was too ambiguous to satisfy the evidentiary requirement of an overt act and intent necessitated for his conviction. In doing so, he ignores a fundamental principle of appellate review. When reviewing the sufficiency of the evidence, we view all evidence, including appellant's confession, in the light most favorable to the Commonwealth, and draw all reasonable inferences in support of the trial court's action. Here, the officer testified that she confronted appellant about attempting to take her firearm: "I told him he was trying to grab my weapon." He initially

---

[3] Appellant argues that the weapon was never admitted into evidence. Although true, appellant did not object to Officer Bohner displaying the weapon to the trial court in this fashion without the weapon being admitted. Thus, the trial court's ability to view the weapon itself, while in her holster, is relevant to establishing that it was a firearm.

[4] Moreover, the testimony of the officer that it was her "service pistol" is particularly relevant when one considers the obvious legislative purpose of the statute: preventing individuals from disarming law enforcement officers. The Code prohibits removing or depriving an officer of her firearm. This Court has no difficulty allowing trial courts to infer police officers are familiar with their own, department issued, firearms and to know that they are, indeed, firearms.

denied it but later confessed to attempting to take it, saying: "I did grab what you said I grabbed. I'm not going to lie." It is reasonable to infer that his confession was an admission that he was "trying" to take the officer's weapon, i.e. that he not only manipulated her firearm, but that he had intended to do so.

Appellant also argues that the trial court erred in rejecting his reasonable hypothesis of innocence that the firearm was merely bumped in the scuffle. "The rejection of a hypothesis of innocence 'is binding on appeal unless plainly wrong,'—even if there is 'some evidence to support' the hypothesis of innocence." Holloway v. Commonwealth, 57 Va. App. 658, 669 (2011) (first quoting Archer v. Commonwealth, 26 Va. App. 1, 12-13 (1997), and then quoting Commonwealth v. Hudson, 265 Va. 505, 513 (2003)). Thus, this Court only considers "whether a reasonable [fact finder], upon consideration of all the evidence, could have rejected [the appellant's] theories in his defense and found him guilty of [the charged crime] beyond a reasonable doubt." Id. at 665 (alterations in original) (quoting Hudson, 265 Va. at 513). Here, appellant's confession and the officer's testimony, in the light most favorable to the Commonwealth, support a conclusion that appellant intentionally grabbed the officer's firearm in an attempt to disarm her. Therefore, the trial court was not "plainly wrong" in rejecting appellant's hypothesis of innocence. That rejection is thus binding on this Court.

## IV. CONCLUSION

The evidence is sufficient to support appellant's conviction. The officer's testimony and the trial court's observation of the weapon support the trial court's finding that it was a firearm. Moreover, when viewed in the light most favorable to the Commonwealth, appellant's confession and the officer's testimony about the struggle are sufficient to establish that appellant intentionally grabbed the firearm with the intent to disarm the officer. Therefore, this Court

affirms.  Nevertheless, this Court remands for the correction of the clerical error in appellant's sentencing order.

<u>Affirmed and remanded.</u>